E-filing

PJH
530

**ORIGINAL**

1   PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**FILED**

2   Name  Bustillos    Robert    J
        (Last)        (First)     (Initial)    MAR - 4 2008

3   Prisoner Number  V-23234

4   Institutional Address  Pelican Bay State Prison, P.O. Box 7500

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5   Crescent City, Ca 95532

6   ================================================

UNITED STATES DISTRICT COURT
7   NORTHERN DISTRICT OF CALIFORNIA

8   Robert J. Bustillos                    )
    (Enter the full name of plaintiff in this action.)    )                    1 2 6 2

9                                          )
                            vs.            )   Case No. _____
10  Pelican Bay State Prison               )   (To be provided by the clerk of court)  **PJH**
                                           )
11  _____            )   **PETITION FOR A WRIT**
                                           )   **OF HABEAS CORPUS**
12  _____            )
                                           )   **(PR)**
13  _____            )
                                           )
14  (Enter the full name of respondent(s) or jailer in this action)  )

15

16  ================================================
    Read Comments Carefully Before Filling In

17  When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1.  What sentence are you challenging in this petition?

12         (a)    Name and location of court that imposed sentence (for example; Alameda

13                County Superior Court, Oakland):

14     San Joaquin County Superior Court, Stockton

15                Court                          Location

16         (b)    Case number, if known  SF088363A

17         (c)    Date and terms of sentence  2-2-04, 10 yrs & 8 mths.

18         (d)    Are you now in custody serving this term?  (Custody means being in jail, on

19                parole or probation, etc.)          Yes  √      No ____

20                Where?

21                Name of Institution: Pelican Bay State Prison

22                Address: P.O. Box 7500, Crescent City, Ca 95532

23     2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  A bare conviction of gross vehicular

27  manslaughter while intoxicated.

28  191.5, subdivision (a)

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                    Yes ✓    No _____

    Preliminary Hearing:        Yes ✓    No _____

    Motion to Suppress:        Yes _____    No ✓

4. How did you plead?

    Guilty ✓    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone ✓    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes _____    No ✓

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment           Yes ✓    No _____

    (b)    Preliminary hearing    Yes ✓    No _____

    (c)    Time of plea           Yes ✓    No _____

    (d)    Trial                  Yes _____    No _____  N/A

    (e)    Sentencing           Yes _____    No _____

    (f)    Appeal               Yes _____    No _____

    (g)    Other post-conviction proceeding    Yes _____    No _____

8. Did you appeal your conviction?        Yes _____    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal           Yes ✓    No _____

        Year: 2005    Result: Denied

        Supreme Court of California    Yes ✓    No _____

        Year: 2006    Result: Denied

        Any other court         Yes ✓    No _____

        Year: ~~2006~~ 2007    Result: Awarded, yet unofficial

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1    petition?     Yes _____ No √

2  (c) Was there an opinion?  Yes √ No _____

3  (d) Did you seek permission to file a late appeal under Rule 31(a)?

4             Yes _____ No √

5    If you did, give the name of the court and the result:

6    _____

7    _____

8 9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?  Yes √ No _____

10   [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition.  You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15 U.S.C. §§ 2244(b).]

16  (a) If you sought relief in any proceeding other than an appeal, answer the following

17    questions for each proceeding.  Attach extra paper if you need more space.

18   I. Name of Court: San Joaquin Superior Court, Stockton, Ca

19    Type of Proceeding: Petition for Writ of Habeas Corpus

20    Grounds raised (Be brief but specific):

21    a. I received an aggravated sentence w/ no aggravating factors.

22    b. No Jury Verdict

23    c. No Recidivist factors present or relevant facts admitted to warrent an exceptional sentence.

24    d. 6 yrs @ 1/2 time was max sentence allowed

25    Result: Denied   Date of Result: 10/21/05

26   II. Name of Court: Appellate Court, 3rd Appellate Court District

27    Type of Proceeding: Petition for Writ of Habeas Corpus

28    Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS  - 4 -

1  a. The trial Courts' denial of a valid belated certificate of probable cause,

2  b. That reversal should be granted since an issue of Due process were violated

3  c. That reversal should be granted since a issue of my 6th Amendant rights were violated.

4  d. Supplemental or Wende Brief.

5  Result: Denied          Date of Result: 4-27-05

6  III.  Name of Court: California Supreme Court

7  Type of Proceeding: Petition for Writ of Habeas Corpus

8  Grounds raised (Be brief but specific):

9  a. Recent Supreme Court rulings limiting judges' discretion.

10  b. 6th Amendment & Due Process Violations-

11  c. I received a boosted or aggravated sentence w/o a jurys verdict or assessment.

12  d. Judge exceeded his limits of power

13  Result: Denied          Date of Result: 8-23-06

14  IV.  Name of Court: U.S District Court, Eastern District of California

15  Type of Proceeding: Petition for Writ of Habeas Corpus.

16  Grounds raised (Be brief but specific):

17  a. I've been mentally impaired since age 16.

18  b. I should not have received a Maximum Prison Sentence given my past history & circumstances.

19  c. Incompetency of Trial Court Counsel

20  d. Charged w/ enhancements that can only be decided by a Jury.

21  Result: Awarded, yet unofficial          Date of Result: 5-14-07

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23  Yes ✓   No____

24  Name and location of court: U.S. District Court, Eastern District of California, 501 I St., #4-200, Sacramento, CA 95814

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27  support each claim.  For example, what legal right or privilege were you denied?  What happened?

28  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: I'm brutally attacked by 1st celly in Ad-Seg, me
6  suffering severe disfiguring injuries. I should have been
   put on single cell status.

7      Supporting Facts: multiple Medical Reports state "make sure he is
8  single celled" (please see exhibit A) I was not & in that
9  I suffered for 29 months mind, body & soul. I now have a
10  lawsuit against the Notorious Salinas Valley State Prison (please see
11  Exhibit B)
       Claim Two: In an extreme effort to "program" I take in
12  13, thats 13 Level 4 cellys!!!.

13      Supporting Facts: Nearly being sexually assaulted twice, beat up
14  7 times and then ridiculed by several C.O.s over my
15  very painful injuries. My hell hasn't ended there as I
16  am now trying to regain my 3 years credits lost due cont..

17      Claim Three: I should have been placed on single cell status
18  immediately after being viciously attacked on 9/25/2004, not
   asked to cell up 25 times thereafter!

19      Supporting Facts: I was immediately put on single cell
20  status at my 1st committee at Cocoran State
21  Prison. The committee took one look at all the
22  violence and attacks on my record and immediatly cont..

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

1     List, by name and citation only, any cases that you think are close factually to yours so that they

2     are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3     of these cases:

4     _____

5     _____

6     _____

7     Do you have an attorney for this petition?                          Yes_____     No___✓___

8     If you do, give the name and address of your attorney:

9     _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _2 - 1 4 - 0 8___                        _____

14                    Date                                          Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

·continued ......

**Claim Two, Supporting Facts:**

to refusing celly 115's. I know this sounds ridiculous,

but in addition to all of my suffering and misery, and the

fact that I took in 13 cellys, I'm further punished by

having my release date of 2008 moved to 2012!!!!

Are all my Blood and Tears not enough and in vain!?!

I believe with every fiber of my being I truly

deserve my 30 years credits back.

Continued ......

**Claim Three, Supporting Facts:**

took me off the inappropriate double cell status.(please

see exhibit C.) I continue to remain on single cell status

to the day. I originally petitioned my loss of credits to the

please see exhibits D.

Monterey County Superior Court, and came "inches" away from

victory, but alas at the last second the Judge changed

as did his opinion. I ask once again to the Honorable

I

Court, please make the correct logical decision and please grant me my 3⁰ years credits back. Exhibit E contains 602's and 32 pages of Emergency Room records to show me being obviously attacked, on 9-25-2004. This "tumbleweeded" my loss of 3⁰ years credits.

Respectfully Submitted,

Robert J. Constello

II

EXHIBIT A.
MEDICAL REPORTS

SALINAS VALLEY STATE PRISON

RETURN FROM OUTSIDE FACILITY DOCUMENTATION

| CDC # | Inmate Name | Date of Return | Time of Return |
|---|---|---|---|
| V23234 | BUSTILLOS    Robert | 9-25-04 | 2010 HRS |

Returning From:  ☐ NMC  ☒ SVMH  ☐ DMH        Other: _____

Reason:  ☒ MEDICAL  ☐ PSYCH  ☐ ER        Appointment: _____

Discharge Notes:  ☒ YES  ☐ NO        Discharge Meds:  ☒ YES  ☐ NO

Receiving MD:  _Haffner_        Notified:  ☒ YES  ☐ NO    Time: 2015

Orders Received:  ☒ YES  ☐ NO        Patient Disposition: (RTC) CTC   Housing: D2-210

Follow-up Schedule:
(5 days after return date)    ETA   9-27-04

Notes: * Post physical altercation c facial Trauma *
RTC - make sure he is (single celled)
Give Roxicet    ii tabs po 1 (1) x 5 days at 0230 HRS
Bring back to ETA monday (9-27/04)
for follow up

_D. S. CACHO RN_
Receiving Registered Nurse (Print)

_Cacho RN - 9-25-04_
Signature / Date

Distribution:
Original (UHR)
Copies to:
    HCM
    UM Nurse
    Yard
    Receiving MD
    Primary Care Physician

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication<br>(Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 9/25/04 | 1450 | | Send to SVMH |
| | | | noted BFeckacon 9/25/04 1450 |
| 9-25-04 | 2015 HRS | | No bed available in OTC |
| | | | May return to custody. |
| noted discharge | | | Make sure he is single celled |
| | | | Percocet ii tabs 325 TID x 5 days |
| 9-25-04 | 2015 HRS | | Bring back to E_T_A on monday 9-27-0 |
| | | | for follow up. |
| | | | T.O. Dr. Haffner discharge |

| ALLERGIES: NKA | INSTITUTION SVSP | ROOM/WING D2-210 |

CDC NUMBER, NAME (LAST, FIRST, MI)

Bustillo, R

V23234

Confidential
client information
See W & I Code, Sections 4514 and
5328

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA    OSP 00 35617    DEPARTMENT OF CORRECTIONS

EXHIBIT B.

LAWSUIT PETITION "1983"

5 pages

FILED

2006 APR 13  AM 9: 32

**NOT FOR CITATION** RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOHN BUSTILLOS,

                    Plaintiff,                          No. C 05-4728 PJH (PR)

          v.                                            **ORDER OF DISMISSAL WITH
                                                        LEAVE TO AMEND**

Correctional Officer PEREZ (male);
Correctional Officer J. J. RODRIGUEZ,
JR.; Lieutenant RANKIN; Lieutenant
BILLINGS; Correctional Officer
ORNELAS; and Correctional Officer
WILSON,

                    Defendants.
_____/

          Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. §

1983. He has paid the filing fee.

          Venue is proper in this district because a substantial part of the events giving rise to

the action occurred in this district.  See 28 U.S.C. § 1391(b).

                                       **DISCUSSION**

A. Standard of Review

          Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

may be granted, or seek monetary relief from a defendant who is immune from such relief.

Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica

Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

United States District Court
For the Northern District of California

1   elements: (1) that a right secured by the Constitution or laws of the United States was
2   violated, and (2) that the alleged deprivation was committed by a person acting under the
3   color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

4   *B. Legal Claims*

5        Plaintiff alleges that defendant Perez forced him to cell with an incompatible
6   cellmate, even though plaintiff is a protective custody inmate. Plaintiff subsequently
7   warned defendant Rankin that he and his cellmate were not getting along, and that the
8   cellmate had threatened plaintiff because of plaintiff's sexual offense. Rankin refused to
9   move him. About five days later plaintiff was attacked by his cell mate and received
10   serious injuries.

11        Plaintiff contends that it was clear from the fact that he was so severely injured and
12   his cellmate had not a scratch that the cellmate had attacked him. Defendant Rodriguez,
13   however, allegedly lied and wrote a rules violation report for "mutual combat." Plaintiff was
14   found guilty by defendant Billings; among other sanctions, he lost good time.

15        It also appears that plaintiff may have been placed in administrative segregation for
16   his own safety because his attacker was in general population, although this aspect is not
17   entirely clear. He contends that "SVSP" shows deliberate indifference to a serious medical
18   need, his mental health, by keeping him in stressful circumstances in administrative
19   segregation. He also asserts that his sentence has been lengthened by a change in his
20   earning status for good time as a result of his being in administrative segregation.

21        Plaintiff has stated a claim for deliberate indifference to his safety against
22   defendants Perez and Rankin. His claim that Rodriguez wrote a false disciplinary report
23   against him is not actionable under Section 1983, however. *See Sprouse v. Babcock*, 870
24   F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). That
25   claim will be dismissed. Nor is his claim that defendants Ornelas and Wilson made cruel
26   remarks about his injuries a proper basis for a Section 1983 claim. *See Freeman v.*
27   *Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal harassment and abuse fail

28

United States District Court
For the Northern District of California

2

1 to state a claim cognizable under 42 U.S.C. § 1983).

2 Plaintiff's contention that defendant Billings violated his rights in the course of a
3 disciplinary proceeding which resulted in loss of good time cannot be brought in a civil
4 rights case; because such a claim would result in a shorter sentence if plaintiff is
5 successful, he can bring it in a civil rights case only after he has first gotten the decision set
6 aside by way of another procedure, usually a state or federal petition for habeas corpus.
7 *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Edwards v. Balisok*, 520 U.S. 641,
8 645 (1997) (time credits).[1] The claim against Billings will be dismissed.

9 Plaintiff does not say who put him in administrative segregation, nor does he make
10 clear whether he contends that his placement in that status violated his constitutional rights
11 independently of his claim that the placement constituted deliberate indifference to his
12 mental health needs. As to the health needs claim, he does not name a defendant. That
13 claim will be dismissed with leave to amend.

## CONCLUSION

15 For the foregoing reasons,

16 1. Plaintiff's claims against defendants Rodriguez, Ornelas and Wilson are
17 **DISMISSED** without leave to amend. His claim against Billings arising from the disciplinary
18 hearing is **DISMISSED** without prejudice to bringing it in a new civil rights case if he
19 succeeds in getting the decision set aside.

20 2. Plaintiff's claim that he is unconstitutionally held in administrative segregation is
21 **DISMISSED** with leave to amend. If he chooses to amend, plaintiff should make clear (1)
22 what it is about his placement that he contends is unconstitutional; and (2) who he claims
23 is responsible. The amendment, if any, must be filed within thirty days from the date of
24 this order. The amended complaint must include the caption and civil case number used in

---

26 [1] Plaintiff says that Billings made "major, major" due process violations, but the only
27 one he mentions is not imposing what he contends was the proper punishment on this
attacker, which could not be a violation of plaintiff's procedural due process rights.

1  this order and the words AMENDED COMPLAINT on the first page. Because an amended

2  complaint completely replaces the original complaint, plaintiff must include in it all the

3  claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4  He may not incorporate material from the original complaint by reference. Failure to

5  amend within the designated time will result in the dismissal of these claims.

6      3. Plaintiff's claims that Perez and Rankin were deliberately indifferent to his safety

7  in celling him with a dangerous cellmate are sufficient to proceed. However, service of

8  these claims will be withheld pending the amendment permitted above, so all claims may

9  proceed together.

10     4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

11  court informed of any change of address by filing a separate paper with the clerk headed

12  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

13  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

14  Federal Rule of Civil Procedure 41(b).

15

16     **IT IS SO ORDERED.**

17

18  Dated: April _____, 2006.

19
                                           _____
20                                         PHYLLIS J. HAMILTON
                                           United States District Judge

21  G:\PRO-SE\PJH\CR.05\BUSTILLO728.DWL

22

23

24

25

26

27

28

4

United States District Court

For the Northern District of California

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

BUSTILLOS,

Case Number: CV05-04728 PJH

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

PEREZ et al,

Defendants.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert John Bustillos V-23234
Salinas Valley State Prison
31625 Hwy 101
P.O. Box 1050
Soledad, CA 93960

Dated: April 13, 2006

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

EXHIBIT D.
Monterey County Superior Court Petitions.
10 pages.

1

SUPERIOR COURT OF CALIFORNIA

**FILED**

2

COUNTY OF MONTEREY

3

JUL 0 5 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
K. Hanson     DEPUTY

4

| In re | ) | Case No.: HC 5256 |
| | ) | |

5

Robert Bustillos (V-23234)   ) ORDER

6

On Habeas Corpus.  )

7

8    Petitioner contends that Salinas Valley State Prison officials have improperly

9  documented his refusal to accept a cellmate on CDC-115 rules violation reports, resulting in a

10  loss to Petitioner of twenty months' credits and a reduction in his credit earning status.

11  Petitioner seeks to have his half-time credit earning status restored, and his twenty months of

12  time credits restored.

13    The record indicates that Petitioner suffers from manic depression with a possibility of

14  schizophrenia. He further has a sex offense noted in his record, which is known to one or

15  members of the prison population. Petitioner was placed in administrative segregation for safety

16  reasons, and on August 25, 2004, received a cellmate from the general population. The inmate

17  threatened to "take care of" Petitioner, which Petitioner understood to be a threat to harm him

18  because of the recorded sex offense. Petitioner requested a change of inmate, and advised prison

19  officials that his cellmate had threatened to harm him. On September 20, 2004, Petitioner again

20  voiced his concerns, and was told by officials that there was no available bed space. On

21  September 25, 2004, Petitioner was attacked by his cellmate and rushed to the emergency room.

22  Attending physicians noted facial fractures and a laceration above Petitioner's eye, a dislocated

23  jaw, swelling in his eye region, and facial cuts and bruises. The Physician's Orders and the

24  prison's Return From Outside Facility Documentation both state: "Make sure he is single

25  celled."

1

1    Thereafter, on November 8, 2005, December 21, 2005, and January 6, 2006, prison

2    officials ordered Petitioner to double-cell. When Petitioner refused, he was issued rules

3    violations reports, and was disciplined with the loss of credits. In the January 6, 2006 report, the

4    author indicated that Petitioner had been cleared for double cell status on November 10, 2005.

5    No evidence of such clearance is attached to the report, nor would this explain why Petitioner

6    was issued a rules violation report for failing to double-cell on November 8th, two days prior to

7    the alleged clearance.

8    Following the September 25, 2004 attack, prison officials characterized the incident as

9    "mutual combat" and assessed a credit forfeiture of 90 days against the Petitioner. There does

10   not appear to be sufficient evidence to support this determination, or the disciplinary actions

11   taken. Rather, it appears that Petitioner has stated a *prima facie* case for relief. Pursuant to Rule

12   4.551(b) of the California Rules of Court, the Court directs Respondent to file an informal

13   response to address the issues raised herein. The informal response shall be filed 15 days from

14   the date of receipt of this order. Thereafter, Petitioner may file a reply within 15 days of receipt

15   of the informal response.

16   IT IS SO ORDERED.

17   Dated:     JUL 0 5 2006

18

19   Hon. Marla O. Anderson
     Judge of the Superior Court

20

21

22

23

24

25

# CERTIFICATE OF MAILING

## C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

**JUL 0 5 2006**

_____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Robert Bustillos (V-23234)
Salinas Valley State Prison
P.O. Box 1050, D8-226
Soledad, CA 93960-1050

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Section

Pam Ham, DDA
Monterey County District Attorney
240 Church St., Rm. 101
Salinas, CA 93901
(via interoffice mail)

Dated: **JUL 0 5 2006** _____

LISA M. GALDOS,
Clerk of the Court

By: _____

Deputy    K. Hanson

3

1    SUPERIOR COURT OF CALIFORNIA    FILED

2    COUNTY OF MONTEREY

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
K. Hanson    DEPUTY

4    In re                                         )    Case No.: HC 5256
                                                   )
5        Robert Bustillos (V-23234)                )    ORDER
                                                   )
6               On Habeas Corpus.  )
                                                   )

7

8        Petitioner brought the instant action contending that Salinas Valley State Prison officials

9    improperly documented his refusal to accept a cellmate on CDC-115 rules violation reports,

10   resulting in a loss to Petitioner of twenty months' credits and a reduction in his credit earning

11   status. Petitioner sought to have his half-time credit earning status restored, and his twenty

12   months of time credits restored.

13       Petitioner suffers from manic depression with a possibility of schizophrenia. He further

14   has a sex offense noted in his record, which is known to one or members of the prison

15   population. Petitioner was placed in administrative segregation for safety reasons, and on

16   August 25, 2004, received a cellmate from the general population. The inmate threatened to

17   "take care of" Petitioner, which Petitioner understood to be a threat to harm him because of the

18   recorded sex offense. Petitioner requested a change of inmate, and advised prison officials that

19   his cellmate had threatened to harm him. On September 20, 2004, Petitioner again voiced his

20   concerns, and was told by officials that there was no available bed space. On September 25,

21   2004, Petitioner was attacked by his cellmate and rushed to the emergency room. Attending

22   physicians noted facial fractures and a laceration above Petitioner's eye, a dislocated jaw,

23   swelling in his eye region, and facial cuts and bruises. The Physician's Orders and the prison's

24   Return From Outside Facility Documentation both state: "Make sure he is single celled."

25

1

1    Thereafter, on November 8, 2005, December 21, 2005, and January 6, 2006, prison

2  officials ordered Petitioner to double-cell. When Petitioner refused, he was issued rules

3  violations reports, and was disciplined with the loss of credits. In the January 6, 2006 report, the

4  author indicated that Petitioner had been cleared for double cell status on November 10, 2005. In

5  the informal response, Respondent avers that Petitioner was cleared for double cell status on July

6  12, 2005. There is no evidence of a July 2005 or November 2005 clearance in the record.

7    Prison officials characterized the July 2004 cellmate attack as "mutual combat" and

8  assessed Petitioner with a 90-day credit forfeiture. Respondent states that "two key pieces of

9  evidence" support this determination: a statement that a prison official observed the inmates

10  "striking each other" and Petitioner's statement to medical personnel that he had been involved

11  in "a fight with my cellie." This evidence is not inconsistent with Petitioner's claim that he was

12  attacked by his cellmate, and does not appear to be a sufficient basis for the hearing officer's

13  determination or the disciplinary actions taken.

14    Accordingly, Respondent is Ordered to Show Cause why Petitioner should not be granted

15  the relief sought in the petition. The Alternate Public Defender's Office is appointed to represent

16  Petitioner. Respondent shall file its Return within thirty (30) days from the mailing of this

17  Order. Petitioner may file a Traverse within thirty (30) days from service of the Return. Upon

18  receipt of the Return and Traverse, the Court shall determine whether to address the matter on

19  the pleadings or set an evidentiary hearing.

20    IT IS SO ORDERED.

21  Dated:    AUG 25 2006

22

23                                        Hon. Marla O. Anderson
                                          Judge of the Superior Court
24

25

2

# CERTIFICATE OF MAILING

## C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

_____AUG 25 2006_____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Robert Bustillos (V-23234)
Salinas Valley State Prison
P.O. Box 1050, D8-226
Soledad, CA  93960-1050

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102
Attn:  Correctional Law Section

Pam Ham, DDA
Monterey County District Attorney
240 Church St., Rm. 101
Salinas, CA  93901
(via interoffice mail)

Monterey County Alternate Public Defender's Office
Attn: Dwayne Woods
111 West Alisal
Salinas, CA  93901

Dated:____AUG 25 2006____

LISA M. GALDOS,
Clerk of the Court

By: _____

Deputy  K. Henson

FILED

1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF MONTEREY

MAR 1 2 2007
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
S. GARSIDE          DEPUTY

3

4    In re                                      )    Case No.: HC 5256
                                                )
5          Robert Bustillos                     )    INTERIM ORDER
                                                )
6                      On Habeas Corpus.         )
     _____)

7

8          On January 17, 2006, Petitioner Robert Bustillos filed a petition for writ of habeas

9    corpus.

10         Petitioner is currently incarcerated at California State Prison, Corcoran in Corcoran.

11         The background of the petition is as follows.

12         Petitioner has a history of manic depression with possible schizophrenia. Petitioner

13   claims that he has a sex related arrest of March 4, 2003. While he was incarcerated at Salinas

14   Valley State Prison (SVSP), he was placed in administrative segregation for safety reasons. On

15   or about August 25, 2004, he received a cellmate from the general population. He claims that his

16   cellmate threatened him and that he requested a change of inmate. He claims that he was

17   attacked by his cellmate on September 25, 2004. He was rushed to the emergency room. The

18   Physician's Orders and the prison's Return From Outside Facility Documentation both state:

19   "Make sure he is single celled." On October 24, 2004, Petitioner was found guilty of mutual

20   combat. He was assessed 90 days forfeiture of credits. Thereafter, prison officials ordered

21   Petitioner to double-cell. When Petitioner refused, he was issued Rules Violation Reports

22   (RVRs), and was disciplined with the loss of credits.

23         In the instant petition, Petitioner alleges that SVSP prison staff have improperly denied

24   him single-cell status. He seeks the return of credits lost for his refusals to live with a cellmate.

25   He also appears to seek the restoration of his half-time credit-earning status for his refusals to

1 | live with a cellmate. He further alleges that the RVR finding him guilty of mutual combat was
2 | supported by no evidence.

3 | On August 25, 2006, the court issued an order to show cause. On October 2, 2006, the
4 | Attorney General's Office (Respondent) filed a return. On January 4, 2007, Petitioner filed a
5 | denial. On February 7, 2007, Respondent filed an opposition to Petitioner's request for an
6 | evidentiary hearing.

7 | Respondent argues that Petitioner's denial is untimely.

8 | Petitioner's denial is timely. On December 11, 2006, the court granted Petitioner's
9 | request for an extension of time to file a denial until January 5, 2007. On January 4, 2007,
10 | Petitioner's denial was filed.

11 | The court is mindful of the rule that within 30 days after the filing of any denial or, if
12 | none is filed, after the expiration of the time for filing a denial, the court must either grant or
13 | deny the relief sought by the petition or order an evidentiary hearing. See California Rules of
14 | Court, Rule 4.551(f). However, the court finds that additional information is needed before it
15 | can issue a ruling. Thus, the court, on its own motion, extends the time in which the court is to
16 | issue a ruling to and including June 29, 2007. Rule 4.551(h).

17 | The court requests an informal response from Respondent as to the following issues: 1)
18 | whether Petitioner is currently double-celled at California State Prison, Corcoran; 2) whether
19 | SVSP officials considered Petitioner's history of manic depression with possible schizophrenia
20 | before determining Petitioner's double-cell status; 3) whether SVSP officials considered
21 | Petitioner's sex related arrest of March 4, 2003 before determining Petitioner's double-cell
22 | status; 4) whether SVSP officials considered the September 25, 2004 incident which led to the
23 | guilty finding of mutual combat before determining Petitioner's double-cell status; 5) whether
24 | the guilty finding of mutual combat would tend to show Petitioner's "violent or predatory
25 | behavior toward other inmates"; 6) whether SVSP officials considered the Physician's Orders

1 | and the prison's Return From Outside Facility Documentation which both state: "Make sure he is

2 | single celled," before determining Petitioner's double-cell status; 7) whether the doctor's

3 | recommendation of "Make sure he is single celled" was for a temporary period of time; 8) why

4 | didn't the SVSP medical office file a CDC128C after recommending that "Make sure he is single

5 | celled"? 9) why shouldn't this court construe the Physician's Orders and the prison's Return

6 | From Outside Facility Documentation as a CDC Form 128C?; and 10) If the court should not

7 | construe these documents as such, what would be the reasons?

8 | In his reply, Petitioner also should address the following questions: 1) why did he fail to

9 | exhaust his administrative remedies?; and 2) why should he be excused from exhausting his

10 | remedies? *Continuously timed out, EOP, Amatuer 602 writer.*

11 | The informal response shall be filed on or before April 13, 2007. Petitioner may file a

12 | reply on or before May 14, 2007. *5 also it took me 6 months*

13 | IT IS SO ORDERED. *to finally receive my final*

*Copy of the 9/25/04 hindering*

14 | *me going past the*

Dated: 2 -12-07

15 | *1st or 2nd*

16 | *Level of*

_____

Hon. Jonathan R. Price

17 | Judge of the Superior Court *review*

18 | *13 16 14*

19 | *18 14*

20 | *9 17*

*3*

21 | *83    18 52*

*5*

22 | *18* ――

*51    5 1*

23 | *152 08 83.18.51*

24

25

3

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

__MAR 1 2 2007__        I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Robert Bustillos, V-23234
4B1 Left Cell #46
California State Prison, Corcoran
PO Box 3481
Corcoran, CA 93212

Amber N. Wipfler, DAG
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

Dated: __MAR 1 2 2007__

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy    S. GARSIDE

EXHIBIT E

6075 and 32 pages of Emergency
Room Records.

Pg1

PJ 2

TIME OF EVALUATION:                                              629250
September 25, 2004.

CHIEF COMPLAINT:
Assaulted with some facial trauma.

HISTORY OF PRESENT ILLNESS:
The patient is a 25-year-old inmate at the state prison in
Soledad.  He was brought by paramedics as well as correctional
officers for evaluation.  Dr. Hoffner called me earlier about
this patient being assaulted at around 1:50 p.m.  The patient
arrives here at 4:03.  The patient states that when he was
assaulted by the inmate by fist only, he felt that he had a loss
of consciousness but less than a minute.

The patient has a history of manic depression with possible
schizophrenia.  He is currently on Risperdal.  The patient
states that the only problem that happened was he was assaulted.
He was not abused in any other way.  Denies any chest, back, or
abdominal trauma.  Denies any focal weakness or focal numbness.
No nausea or vomiting.  He states he was able to see after
injury, but his eyelids closed up on him.  He is unable to see
due to the swelling of his eyelids.

The doctor there could not open his eye. He said there was some
swelling then.  There might be some facial fractures.  He also
complained of left jaw pain.  The patient has had no focal
numbness or weakness.  He denies any back pain or any extremity
pain.

PAST MEDICAL HISTORY:
As above.

MEDICATIONS:
As above.

ALLERGIES:
As above.

IMMUNIZATION:
Last tetanus was in the the last 5 years.

| SALINAS VALLEY MEMORIAL | Pat: | BUSTILLO,ROBERT NMI | |
|---|---|---|---|
| HEALTHCARE SYSTEM | MR#: | H0615668 | Acct:H11079933 |
| 450 E. Romie Lane | Adm: | 09/25/2004 | RM#: |
| Salinas, CA 93901 | Phys: | Elpidio Resendez, M.D. | |
| (831) 757-4333 | | | |

EXTENDED EMERGENCY ROOM REPORT - ORIGINAL

$pg\ 3$

PHYSICAL EXAMINATION:
GENERAL:        The patient is awake, alert, and oriented x4.

VITAL SIGNS: Temperature 98.2°, pulse 96, respiration 17, blood
pressure 130/69.

HEENT:        Significant swelling over the left upper and
lower eyelids with ecchymoses noted. His pupils are reactive.
I was able to use a modified paperclip to open his left eye to
check his pressures. He has good reaction of his pupils. There
is a slight _____ hemorrhage of the left eye in the superior
region it is about maybe less than 10% of his sclerae.
Extraocular movements are intact. There is no evidence of any
entrapment I could see on examination. There is tenderness over
the rim but no crepitus noted. Sensory is grossly intact. He
does have a 3-cm laceration over the left forehead above his
eyebrow. Ears are clear, no hemotympanum. Nares there is blood
present. Oropharynx is clear. No lesions seen. Although, he
does have some trismus. There is a question of malocclusion,
but he states he can close his teeth well. No loose teeth
noted. No evidence of any blood present. Mucous membranes are
moist.

NECK:        Supple, nontender.

CHEST:        Clear. Cardiac examination regular rhythm
without murmurs.

ABDOMEN:        Soft, nontender.

EXTREMITIES:    Without any cyanosis or edema.

SKIN:      Warm and dry.

NEUROLOGIC:    The patient is awake, alert, with normal speech.
Cranial nerves II-XII are grossly intact. I am unable to
evaluate his left eyelid opening and closure due to the
swelling. He has good motor strength bilaterally and sensory is
grossly intact to light touch.


TREATMENT COURSE IN THE EMERGENCY ROOM:
I ordered a CAT scan of his head, face, orbits, as well as
mandible. CT scan shows extensive medial wall fracture to the

| | |
|---|---|
| **SALINAS VALLEY MEMORIAL** | Pat: BUSTILLO,ROBERT NMI |
| **HEALTHCARE SYSTEM** | MR#: H0615668        Acct:H11079933 |
| 450 E. Romie Lane | Adm: 09/25/2004        RM#: |
| Salinas, CA 93901 | Phys: Elpidio Resendez, M.D. |
| (831) 757-4333 | |

EXTENDED EMERGENCY ROOM REPORT

left.  There is an orbital floor fracture on the left as well.
Superior and lateral orbits are normal.  There is extensive
fluid in the left maxillary, anterior/posterior ethmoid sinuses,
right ethmoid sinus, and sphenoid and frontal sinuses are clear.
There is also some periorbital edema of soft tissue on the left.
There is some periorbital emphysema related to the fractures but
no intraorbital pathology is seen.  Calvaria are intact.  There
is no abnormality of the _____ base.  The mastoids are clear.
Intracranial shows no bleeding.  No fractures noted.  CSF spaces
were normal.

IMPRESSION:
Left medial orbit and orbital floor fractures.  Extensive left
periorbital swelling.  Hemorrhage and fluid of the left
maxillary and ethmoid sinuses.  Depressed left nasal fracture;
this may be old as the patient has been assaulted before.  The
mandible was also done and showed no mandibular fracture.  Left
forhead laceration, 3-cm.

I sutured the left forehead laceration, which was 3 cm.  There
is no active bleeding at this time.  This was cleaned and
irrigated.  The area was sterilely prepped and draped.  It does
not seem to be going off the bone.  I placed a local anesthetic
of Marcaine and lidocaine and then put 2 subcutaneous sutures to
approximate the wound and then closed it was 6-0 Novofil.  The
patient tolerated the procedure well.  The sutures were closed
with a running suture.

A call was made to the ENT physician on call Dr. Nowak.  We will
have him follow up in Dr. Nowak's office this coming week.  I
also spoke with Dr. Richard Kim.  I told him that I do not think
the patient had any fracture on the left.  It was a little bit
hard to evaluate due to the swelling; therefore, I did a CAT
scan of the orbit and it did not show any pathology.  The
patient is able to count fingers well with assistance of keeping
his upper and lower eyelid open.  At this time, talking to the
officers, the patient may be vulnerable to further attacks.  The
decision was made to either admit to infirmary or a single cell.
I did speak with Dr. Hoffner before transferring the patient
back.

He should keep his head up, elevated for the next 24 hours.
Observe him in the infirmary for 24 hours.  Have him follow up
with Dr. Nowak and Dr. Richard Kim this week.  They can make
phone calls to make the appointments.  The patient at this time

| SALINAS VALLEY MEMORIAL | Pat: | BUSTILLO,ROBERT NMI | |
|---|---|---|---|
| HEALTHCARE SYSTEM | MR#: | H0615668 | Acct:H11079933 |
| 450 E. Romie Lane | Adm: | 09/25/2004 | RM#: |
| Salinas, CA 93901 | Phys: | Elpidio Resendez, M.D. | |
| (831) 757-4333 | | | |

EXTENDED EMERGENCY ROOM REPORT    ORIGINAL

has been appropriate.  He has been really cooperative.  At no
time has he been a danger to myself or staff.

DD: 09/27/2004  @ 09:49
DT: 09/28/2004  @ 10:17
mds - #629250  90000010

_____
Elpidio Resendez, M.D.

---

**SALINAS VALLEY MEMORIAL**    Pat:   BUSTILLO,ROBERT NMI
**HEALTHCARE SYSTEM**    MR#:   H0615668    Acct:H1107 9933
450 E. Romie Lane    Adm:   09/25/2004    RM#:
Salinas, CA 93901    Phys: Elpidio Resendez, M.D.
(831) 757-4333

Category:   COMPUTERIZED TOMOGRAPHY

Procedure: MAXILLOFACIAL AREA W/O CON

Provisional diagnosis, pertinent history, or clinical data:

L EYE LACERATION

Date of Exam:   09/25/04

Ordering Phys:   Resendez, Elpidio M.D.

Ord #: 0925-0028        Report #: 0925-0112

Req #: 04-0055137

TECHNIQUE:

Axial 5 mm thickness contiguous tomographic images of the cranium were obtained.  2.5 mm thickness images of the facial bones were obtained.

FINDINGS:

Extensive medial orbital wall fracture on the left.  There is orbital floor fracture on the left as well.  The superior and lateral orbits are normal.  Extensive fluid is seen within left maxillary and anterior posterior ethmoid sinuses.  Right maxillary sinus, right ethmoid sinuses, sphenoid and frontal sinuses clear.

Periorbital edema/soft tissue contusion on the left.  There is extensive left periorbital emphysema as well likely relating to fractures.  No intra orbital pathology is seen.  Both globes are intact.  Extraocular muscles optic nerves intact.  Normal appearance of the orbital apices.  Moderately depressed left nasal fracture is seen.

Intracranially, bilateral cerebral hemispheres normal.  No discrete cerebral gray or white matter lesion is seen.  Corpus callosum, basal ganglia, midbrain, thalamic nuclei, pons, and cerebellum are normal.  CSF spaces are normal.

Auto no hemorrhage

Calvaria intact.  No abnormality of the skull base.  Mastoid air cells clear.  Auto impression

IMPRESSION:

1. Left medial orbit and orbital floor fractures.
2. Extensive left periorbital soft tissue edema.
3. Hemorrhage/fluid of the left maxillary and ethmoid sinuses.
4. Depressed left nasal fracture.
5. No intracranial or intra orbital pathology.



**Salinas Valley Memorial Hospital**
*A District Hospital*
450 East Romie Lane
Salinas, CA 93901
(831) 757-4333

Patient:   **BUSTILLO, ROBERT NMI**

MR#:        H0615668      Acct:H11079933

Adm Date:                  Sex: M DOB: 06/06/1979

Dis Date:                   Loc: ER -

Adm Phys:

**CT SCAN REPORT**
HIM Copy

Page 1 of 2

Category:   COMPUTERIZED TOMOGRAPHY

Procedure: MAXILLOFACIAL AREA W/O CON

Provisional diagnosis, pertinent history, or clinical data:

L EYE LACERATION

Date of Exam:   09/25/04

Ordering Phys:   Resendez,Elpidio M.D.

Ord #: 0925-0028          Report #: 0925-0112

Req #: 04-0055137

Villalobos, Richard A. MD

DD: 09/25/04, 1724
DT: 09/25/04, 1724
TB: MDVILR
SD: 09/25/04 1724
CC:

**Salinas Valley Memorial Hospital**

*A District Hospital*

450 East Romie Lane

Salinas, CA 93901

(831) 757-4333

Patient:    **BUSTILLO,ROBERT NMI**

MR#:       H0615668        Acct:H11079933

Adm Date:                        Sex: M DOB: 06/06/1979

Dis Date:                         Loc: ER -

Adm Phys:

**CT SCAN REPORT**

HIM Copy

Page 2 of 2

P 7

Category:  COMPUTERIZED TOMOGRAPHY        Date of Exam:    09/25/04

Procedure: MAXILLOFACIAL AREA W/O CON        Ordering Phys:   Resendez,Elpidio M.D.

Provisional diagnosis, pertinent history, or clinical data:   Ord #: 0925-0039          Report #: 0927-0208

LEFT EYE LAC, ASSAULT                          Req #: 04-0055171


STUDY:  Mandibular CT.

TECHNIQUE:  Please see maxillofacial CT which was performed earlier the same day.  Helical 2.5 mm thickness images of the mandible were obtained on a separate journey to the CT suite.

FINDINGS:  The mandible is intact.  No mandibular fracture or dislocation is seen.  No soft tissue abnormality is seen.

IMPRESSION:  Negative mandible CT.  Please see maxillofacial CT report from the same day.

_____

Villalobos, Richard A. MD
<<Signature on File>>

DD: 09/27/04, 1556
DT: 09/27/04, 1910
TB: MRROMS
SD: 09/28/04 0942
CC:



**Salinas Valley Memorial Hospital**    Patient:    **BUSTILLO,ROBERT NMI**
*A District Hospital*                MR#:      H0615668    Acct:H11079933
450 East Romie Lane                 Adm Date:                Sex: M DOB: 06/06/1979
Salinas, CA 93901                   Dis Date:   09/25/04    Loc: ER -
(831) 757-4333                      Adm Phys:

# CT SCAN REPORT
**HIM Copy**                                        Page 1 of 1

| DATE | TIME | NOTES |
|------|------|-------|
| 9/25 | 1425 | Ambulatory to ER ē attrication ē cillic. multiple facial abrasions, 1 in lac above left eyebrow and possible fx ® orbit and/or mandible. C/o - severe headache ———— BPollank |
|  | 1435 | Exam by Dr. Haffner ———— BPollane |

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

SALINAS VALLEY STATE PRISC

RETURN FROM OUTSIDE FACILITY DOCUMENTATION

| CDC # | Inmate Name | Date of Return | Time of Return |
|---|---|---|---|
| V23234 | Bustillos, Robert | 09-28-04 | 1645 |

Returning From: ☐ NMC ☐ SVMH ☐ DMH        Other:

Reason: ☐ MEDICAL ☐ PSYCH ☐ ER      Appointment: 9-28-04  1435  Salinas Valley Eye

Discharge Notes: ☐ YES ☐ NO        Discharge Meds: ☐ YES ☐ NO

Receiving MD: Hoeffner        Notified: ☒ YES ☐ NO    Time: 1645

Orders Received: ☒ YES ☐ NO        Patient Disposition: ⊙ RTC ☐ CTC    Housing: D2  210

Follow-up Schedule:
(5 days after return date)

Notes:
No evidence of retinal detachment

Keflex 500 mg PO Qid X 10 days

Follow up c̄ Dr. Nowak in 2-4 days
for evaluation for repair of
orbital fractures

Follow up c̄ Dr. Kim for re-eval
in 2-3 weeks

B Pollan RN
Receiving Registered Nurse (Print)

BPollank
Signature / Date

Distribution:
Original: UHR
Copies to:
  HCM
  UM Nurse
  Yard
  Receiving MD
  Primary Care Physician

09 29·04

ISAAC GRILLO, MD
SALINAS VALLEY STATE PRISO

California Department of Corrections

Salinas Valley State Prison

# EMERGENCY MEDICAL TRANSFER



| FROM: E.R. / INPATIENT | DATE: 9 /25/20 04 | Time: 1445 |
|---|---|---|

**1.** Inmate Name | CDC# | Date of Birth
_Bustillo, Robert_ | _V23234_ | _6-6-79_

**2. Sending Direct Contacts:**

_Haffner_ **M.D.** SVSP        _B. Pollan_ **R.N.** SVSP

**Accepting Direct Contact Physician**

_Resendez_ **M.D.**   Date: _9 /25-by_ Time: _1448_

☐ NMC ☑ SVMH ☐ other _____

**3.** BP |28 /86| PULSE |121| O2sat 9 7% Respirations 20 Temp ☐

**4. Current Medications (Drug, dose, times per day)**

_None_

**5. Transfer Diagnosis**

_Facial trauma_

**Event History:**

_physical altercation_

**SVSP Emergency Dept. Tx:**

_Exam_
_Face cleaned c̄ Saline_

**6. Previous Historical Diagnosis**

_None_

**7.** Allergies _NKDA_    **8.** Tetanus _2004_   **9.** TB Status

WARNING: Telling an inmate about future appointments creates a risk of **ESCAPE**. Please contact SVSP Utilization Review or the Direct Contact M.D. to schedule appointments. **DO NOT ENDANGER YOURSELVES OR YOUR COLLEAGUES, DO NOT TELL INMATE!**

© JMKrossa 2001

| DATE | TIME | |
|------|------|---|
| 9/25/07 | 1450 | S: Pt brought to ETA 2° facial contusions sustained in a cell fight. Pt rel(c/z) that ∅ he fell after being struck & lost consciousness. He could not get up when he started to come to & was hit again. Able to answer ques(ts) @ intrview |
| | | O: ⊕ eye l/orbit edema ↑ soc bleeding unable to examine the eye ⊕ abrasions / ecch rows of back |
| | | unable to b/l that ⊕ ⊙ no visible pt to pal pt(n) ⊕ pain open & close mouth no midline cervical tenderness |
| | | A: Multiple contusions |
| | | P: Pt accepted for transport to SVMH by Dr Recendez |
| | | Fsvthn |

| INSTITUTION | HOUSING UNIT | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|-------------|--------------|------------------------------------------------------|
| SVSP | D2 210 | Bustillos, R    V 23234 |

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

| | ARRIVAL TIME *1603*   DATE *09/25/04*   ☐ ER2 | |
|---|---|---|
| ✚ **Salinas Valley Memorial Healthcare System** 450 E. Romie Lane Salinas, CA 93901 | C/C ① *eye laceration / facial contusions* BRIEF TRIAGE NOTE *Assaulted @ 1350*    RN *Callen Cccag* | |

☐ EMERGENT    ☒ URGENT    ☐ NONURGENT    pt ID

PATIENT NAME *Robert Bustillo*   DOB *6/6/79*   AGE *25*   ☒M ☐F   PMD *Haffner*   PV  (AMB) ARRIVED BY  W/C   CUST

---

**NOTE: Tear off page 1 before filling in the social security number or having the patient sign this form.**

---

Address: _____
                                           city                      state              zip

Phone: (_____)  _____

Social Security #_____   Bed # *3-1*_____

---

**Authorization to Treat:** This is to certify that (I) the undersigned consent to a medical screening examination and whatever treatments and administering of whatever medications and anesthetics that the attending physician deems necessary or advisable.

Date *09/25/04*_____   Signed _____
                                                                                Patient

Witness *Callen Cccag*_____   _____
                                                                                Authorized Person

_____   _____
                                                                                Relationship to Patient

---

**Autorización para tratamiento:** Esta es para certificar que el suscrito consiente a un examen médico y cualquier tratamiento y administración de cualquier medicamento y anestético que el doctor que me esté atendiendo considere necesario o aconsejable.

Fecha _____   Firma _____
                                                                                Paciente

Testigo _____   _____
                                                                                Persona Autorizada

                                                       _____
                                                                                Parentezco con el paciente

---

| TIME | TEMP | BP | P | R | PAIN | O₂SAT | TRIAGE REASSESSMENT (C/C) |
|------|------|-----|---|---|------|-------|---------------------------|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

7230-9130 (Rev. 1/04)

**PLAN OF CARE** — **MEDICATION / IV SUMMARY** — Date: 09/25/04

| TIME | SITE | SIZE | (#) SOLUTION | VOLUME | RATE | INITIAL | INTAKE | OUTPUT |
|---|---|---|---|---|---|---|---|---|
| RA | (C)A? | | #1 NS | 1000 | TKO | | | |

| | | | | | | | TOTAL ___ ml | TOTAL ___ ml |

| TIME | MEDICATION/IV | DOSE | ROUTE | SITE | INITIAL | TIME | RESPONSE | INITIAL |
|---|---|---|---|---|---|---|---|---|
| 1645 | 1 VF ↑ to 125cc/hr | | | | Em | | | |
| 1649 | Zofran | 4mg IV | | | Em | 1710 | Ø N/V | CG |
| 1652 | Morphine | 4 mg IV | | | Em | | Pain ↓ 6/10 | |

| TIME | TEMP | BP | P | R | PAIN | O₂SAT | NURSES NOTES / TREATMENT / EVALUATION | INITIAL |
|---|---|---|---|---|---|---|---|---|
| 1603 | | | | | | | Arrival via ambulance, icepack to back of head, pt request | CG |
| 1653 | | | | | | | ↑ to CT via gurney | Em |
| 1705 | | | | | | | Returned from CT scan | CG |
| 1710 | — | 147/67 | 95 | 20 | 6 | 97% RA | — | CG |
| 1820 | | | | | | | Dr Resendez preparing to suture | CG |
| | | | | | | | | |
| 1920 | | | | | | | ☒ IV D/C'd with catheter intact | INITIAL ✓B |

| RN / LVN / CA SIGNATURES | INITIALS | DISCHARGE ASSESSMENT | VS/Temp 97.2° P 96 R 7 BP /69 PAIN 7 |
|---|---|---|---|
| Colleen George | CG | Stable | REPORT FAXED TO: ___ TIME ___ |
| @ M Rodriguez | | | |

**LOC** ☒ ALERT  ☒ ORIENTED
☐ CONFUSED  ☒ AGE APPROP.

**PERSONAL BELONGINGS**
☒ WITH PATIENT
☐ TO SECURITY
☐ TO CORONER
☐ TO FAMILY

**ACCOMPANIED BY**
☐ PARENT
☐ SPOUSE
☐ ALONE
☐ RN / LVN / CA / TRANSPORT
☐ MONITOR
☒ OTHER officers

**INSTRUCTIONS**
☐ CARENOTES # ___ GIVEN
☒ TO PATIENT  ☐ SPANISH
☐ TO PARENT
☐ TO OTHER
☒ VERBALIZED UNDERSTANDING
☐ TRANSLATOR USED
☒ RX GIVEN

**NOTIFICATION** TIME ___
☐ LAW ENFORCEMENT ☐ ANIMAL CONTROL
☐ POISON CONTROL ☐ CPS
☐ WOMEN'S CRISIS ☐ CASE MANAGER
☐ FAMILY ___
☐ ___
X ___

| PATIENT / FAMILY EDUCATION ___ |
|---|
| ☐ FEVER  ☒ WOUND CARE ☐ CRUTCH WALKING W/RETURN DEMO |
| ☒ FOLLOW-UP ☐ DIET  ☐ CHILD CAR RESTRAINT |
| ☒ MEDS  ☐ SPLINT CARE / CMS |
| DISCHARGE RN SIGNATURE ___  TIME 1920 |

BUSTILLO, ROBERT NMI
H11079933  H0815668

06/06/79 M 25      09/25/04

7230-9120 (Rev. 12/03)

pg 15

| | ARRIVAL TIME | DATE | □ E | BUSTILLO, ROBERT MNI |
|---|---|---|---|---|

**Salinas Valley Memorial Healthcare System**
450 E. Romie Lane
Salinas, CA 93901

C/C

BRIEF TRIAGE NOTE

RN

H11073933  H0615668

06/06/79 M 25     09/25/04

□ EMERGENT     □ URGENT     □ NONURGENT

PATIENT NAME _Robert Bustillo_     DOB _____     AGE _25_ ☒M □F     PMD _____     PV / AMB / W/C / CUST     ARRIVED BY

PMH  □ DENIES
□ HTN  □ ASTHMA  □ COPD
□ MI  □ CHF  □
□ DIABETES  □ MIGRAINES
□ ULCER / GI  □ CA  □ RENAL
☒ Bipolar
☒ manic-depression

MEDS  □ DENIES
_Resperidol_

ALLERGIES ☒ DENIES  LNMP

g    p    AB
TETANUS / IMMUN.
☒ CURRENT    _____ YRS.

MD ORDERS
□ OLD CHART
□ ER REG
☒ CBC  □ T / RH
☒ BMP  □ ABG
□ UA  □ UC
□ UCG  □ HCG
□ CK  □ CK-I
□ Panel

| TIME | TEMP | P | R | B/P | PAIN | O₂ SAT | wt |
|---|---|---|---|---|---|---|---|
| 1603 | 98.4 | 105 | 20 | 145/69 | 8 | 96 (RA) | ___ kg |

INITIAL INTERVENTION
□ C-COLLAR  □ ELEVATE
□ ISOLATION  □ X-RAY  □ UA
□ DRESSING  □ ICE

NON ENGLISH SPEAKING ONLY

SIGNATURE _____     TIME _____

HISTORY/ PHYSICAL & INITIAL ORDERS: _16:21_   TIME _____   DICTATED: _____ #7012

_M assault_

MD ORDERS
□ CARDIAC MONITOR
□ EKG
□ O₂ _____ L N/C MASK
□ POSTURAL VS

MEDS/TREATMENTS
☒ IV
_LR ___ / ___ /_____
_MS 4 mg IV_

CONSULT CALLED/
— MD _____
— MD _Dr K Kum_

SECONDARY ORDERS

□ BUN/Cr  □ AMY
□ ETOH  □ TOX
□ HFP  □ PT/PTT
□ T+C _____ units
□ X-Rays

□ Med Neb
□ Culture
☒ CT _____
□ _____

RETURN

MANDIBLE

X-ray

DIAGNOSIS
① Blunt head trauma
② (R) medial orbital fx / (L) orbital floor fx
③ nasal fx (?old)  ④ (L) forehead 3cm lac

(7758)

AFTERCARE INSTRUCTIONS: _Keep in infirmary for next 24 hrs._
_(R) follow up w/ Dr Worth w_
_Dr Kum this week_

ACCOUNT CODED

□ NO SCHOOL  □ NO P.E.  □ NO WORK  □ LIGHT DUTY   FROM _____ TO _____

* SCHEDULE A FOLLOW UP APPOINTMENT WITH _____ IN _____ DAYS.

□ RESTRAINTS     □ SEDATION

DISPOSITION  □ HOME  □ SSOP  □ TRANSFER FACILITY
□ WORK  ☒ CUSTODY  □ ADMIT_____

MODE  ☒ AMBULATORY

□ W/C  □ GURNEY
□ CRUTCHES  □ CARRIED

ROOM # _____   ☒ U  □ U  □ E

I HAVE RECEIVED AND UNDERSTAND AFTERCARE INSTRUCTIONS.

CONDITION AT DISCHARGE / ADMISSION
□ IMPROVED  □ UNCHANGED  ☒ STABLE  □ GUARDED

TIME OF DISCHARGE _1920_   PT / PARENT / GUARDIAN SIGNATURE _____   PHYSICIAN'S SIGNATURE _____

7230-9130 (Rev. 1/04)

# C.O.A. NOT SIGNED

**Due To:**

PJ 16

☐ 1. Patient Unconscious or Incoherent
☐ 2. Patient Sent Directly to Surgery, Cath Lab, Etc.
☐ 3. Patient Heavily Medicated
☐ 4. Parent / Legal Guardian Not Available
☑ 5. Other Inmate Unable

_____          9/25/04
Registration Clerk (Print Name)          Date

Print Patient Name and Account # if not imprinted with ID card.

```
1624  BUSTILLO, ROBERT NMI
H11079933    H0615668
06/06/79     09/25/04
```

8560-6274 (Rev. 10/03)

**MISSION**

malpractice, that is as to whether any
or unauthorized or were improperly,
mission to arbitration as provided by
t as California law provides for judicial
y entering into it, are giving up their
of law before a jury, and instead are

**FOLLOWING ARTICLE 1 OR GIVE
G THIS CONTRACT YOU ARE
ACTICE DECIDED BY NEUTRAL
A JURY OR COURT TRIAL.**

itration Rules of the California Medical
Systems (copies available at hospital
to any legal claim or civil action in
he hospital or its employees and any
as evidenced by a written agreement
unless patient or undersigned initials
ature. An agreement to arbitrate shall
nent. If a patient or undersigned does

ved a copy thereof, and is the patient,
ent as the patient's general agent to

borns, and the heirs, representatives,
executors, administrators, successors, and assigns of such parties and newborns.

## ADVANCE DIRECTIVE STATUS AT TIME OF ADMISSION

☐ AD Brochure given at time of admission.

_____  _____
Initials    Date

☐ AD received at time of admission.

_____  _____
Initials    Date

☐ AD Unavailable at time of admission.

_____  _____
Initials    Date

☐ AD Brochure refused at time of admission

☐ N/A - Outpatient

My signature indicates that I understand and accept items 1 – 6..

Date: _____ Time: _____     Signature: _____
                                                                    (Patient / Parent / Conservator / Guardian)

Witness: _____     _____
                                                    (If signed by other than patient, indicate relationship)

Print patient's name and account # if not imprinted with ID card.



Salinas Valley
Memorial
Healthcare System

450 East Romie Lane, Salinas, CA 93901
(831) 757-4333 • Toll free (888) 755-7864

**CONDITIONS OF TREATMENT /
ADMISSION**

```
1624  BUSTILLO, ROBERT NMI
H11079933    H0615668
06/06/79     09/25/04
```

560-9318 (Rev. 3/03)

p9

## EMERGENCY DEPARTMENT DISCHARGE FOR PATIENTS
## OF NURSING HOMES, VNA / HOME HEALTH, PRISON OR JAIL

| Discharge Diagnosis: |
|---|

1. Scalp laceration head trauma c̄ C spine swell, (3) Nasal Fx (? old.)
2. (L) medial orbit / orbital floor (4. (L) forehead 3cm laceration

**ERMD Discharge Orders:**

- Infirmacy for next 24 hrs.
- Decid elventure.
- Called on Monday for ENT (Dr Newark 422-8798) appt + ophthal
  may (Dr R Kim 771-3900)

| Date 9/25/04 | Time 19-16 | Physician Signature | RESENDIZ |
|---|---|---|---|

☑ Prescription given                              ☐ Copies of lab reports, EKG

| Summary of Medical Treatment in the ER: |
|---|

- Please copies of CT
- I spoke and Consulted with Dr's Newark + Kim.
  for follow up This week (Monday if possible)
- Suture Removal in 5 dy
- Rx Vicodin 1-2 tablet po q4-6°,
- Avoid Heavy NSA

## Discharge Vital Signs

| Time | Temp | BP | Pulse | Resp | Pain Scale |
|---|---|---|---|---|---|
| 1920 | 98.2° | 130/69 | 9/ | /7 | 7 |

Report Called to (Name and Title): _____    Time: _____

Discharge RN: _____

Nursing Homes are required to arrange their own transportation back to the facility.



*Salinas Valley Memorial*
**HEALTHCARE SYSTEM**
450 East Romie Lane, Salinas, CA 93901
(831) 757-4333
E D DISCHARGE PATIENT TO FACILITY

Bustillos, Rahael

NS7230-027 (Rev. 10/02)        Original - Chart    Canary - Facility

pg 48

**SALINAS VALLEY EMERGENCY MEDICIN    ROUP INC.**
450 E. Romie Lane, Salinas CA 93901 (831) 757-4___ Ext. 1180

Patent #5,636,874

| | | |
|---|---|---|
| Nanette Blair, M.D. | James Stubblefield, M.D. | Clinton Pearl, PA-C |
| Elpidio Resendez, M.D. | Andrew Kaminski, M.D. | Steve Panattoni, PA-C |
| Stephen Scherr, M.D. | Jay Pennock, M.D. | Christopher Kantmann, PA-C |
| Eric Fajardo, M.D. | David Ramos, M.D. | |

TouchSafe®

NAME  Bustillo, Rober        AGE  25

ADDRESS                        DATE  9/25/__

R    Vicod   T  TT  td  70
         84  6  M
         ♯  30  (Thirty)

NO REFILLS UNLESS SPECIFICALLY INDICATED ABOVE

☐ LABEL IN SPANISH    ☐ DO NOT SUBSTITUTE

7230-9111 (7/03)

$p_7$ 19

SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM
450 EAST ROMIE LANE
SALINAS, CA 93901
SALINAS VALLEY MEMORIAL HOSPITAL SUMMARY REPORT

PATIENT: BUSTILLO,ROBERT NMI    ACCT #: H11079933    LOC : ER    U #: H0615668
REG DR : Resendez,Elpidio M.D.    AGE/SX: 25/M    ROOM:    REG: 09/25/04
DOB  : 06/06/79    STATUS: DEP ER    BED :    DIS:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*HEMATOLOGY DEPARTMENT\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLETE BLOOD COUNT

| Date | Time | WBC (3.9-11.0) MILL/UL | RBC (4.5-5.3) MILL/UL | HGB (13.5-17.5) G/DL | HCT (40.0-53.0) % | MCV (78-98) uM3 | MCH (25.0-35.0) PG | MCHC (31.0-36.0) GM/DL |
|------|------|-----|-----|-----|-----|-----|-----|------|
| => 09/25/04 | 1650 | 16.0 H | 4.62 | 15.0 | 42.0 | 91 | 32.5 | 35.7 |

| Date | Time | PLTC/ w CBC (150-400) x1000 |
|------|------|------|
| => 09/25/04 | 1650 | 176 |

AUTOMATED DIFFERENTIAL

| Date | Time | SEG GENS (41.7-77.6) % | LYM GENS (14.4-44.3) % | MONO GENS (3.3-12.7) % | EOS GENS (0-6) % | BASO GENS (0-2) % |
|------|------|------|------|------|------|------|
| => 09/25/04 | 1650 | 83.0 H | 8.9 L | 7.6 | 0.3 | 0.2 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*COAGULATION\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Date | Time | PROTHROMBIN (9.4-12.2) SECONDS | INR | PTT (25.4-36.6) |
|------|------|------|------|------|
| => 09/25/04 | 1650 | 10.5 | 0.96(a) | 26.4(b) |

NOTES:· (a)  The INR is only for monitoring stable patients on oral
anticoagulant therapy.

Protime values for patients with rheumatic valvular heart
disease with documented systemic embolization. or patients
with mechanical heart valves should have an INR of 2.5 - 3.5

INR'S for all other patients should be 2.0 - 3.0
(b)  PATIENTS ON HEPARIN SHOULD HAVE PTT VALUES AT
APPROXIMATELY 1.5 - 2 TIMES THE UPPER LIMIT OF NORMAL.

Patient: BUSTILLO,ROBERT NMI         Age/Sex: 25/M      Acct#:H11079933    Unit#H0615668
DEPARTMENT OF PATHOLOGY - HUGH E WILSON M.D.. DIRECTOR

p ⁊ ⅆ ᵒ

RUN DATE: 09/26/04
RUN TIME: 1205

SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM
450 EAST ROMIE LANE
SALINAS, CA 93901
SALINAS VALLEY MEMORIAL HOSPITAL SUMMARY REPORT

PAGE 2

Patient: BUSTILLO,ROBERT,NMI          #H11079933      (Continued)

**********************************************************CHEMISTRY DEPARTMENT**********************************************************

| Date | Time | BUN (7-23) MG/DL | CREATININE (0.5-1.4) mG/dL | RBG (65-110) mG/dl | CALCIUM (8.8-10.4) MG/DL | | |
|------|------|------|------|------|------|------|------|
| => 09/25/04 | 1650 | 12 | 0.9 | 110 | 8.5 L | | |

ELECTROLYTES

| Date | Time | NA (135-145) MMOL/L | K (3.5-5.1) mmol/L | CL (98-109) mmol/L | $CO_2$ (22-30) mmol/L | ANION GAP (6-18) |
|------|------|------|------|------|------|------|
| => 09/25/04 | 1650 | 139 | 3.3 L | 106 | 30 | 6.3 |

Patient: BUSTILLO,ROBERT NMI                    Age/Sex: 25/M      Acct#:H11079933      Unit#H0615668
DEPARTMENT OF PATHOLOGY - HUGH E WILSON M.D., DIRECTOR

| DATE | TIME | |
|------|------|---|
| 9/28/04 | | Pt returned 9/25/04. Informed by |
| | 0811 | telephone of his arrival. Spoke to Dr Resendes |
| | | who had made arrangements for pt to be |
| | | followed up Monday by opthalmology + ENT. |
| | | Pt not followed up Monday but appointments |
| | | seem to be moving for him to see Dr Wittberg. |
| | | He also needs to see opthalmology. |
| | | This pt was to have been single celled. [signature] |
| | | |
| 10/6/04 | | Oral + Maxillofacial Surgery |
| | 10.00 | pat was involved in fight on 9/25/04, had evaluation at |
| | | Silicon Valley Hospital and CT scan showed orbital floor |
| | | fracture (report attached). PMHx reviewed, no significant |
| | | findings, except nasal fractures × 3 (4?) and nasal |
| | | obstruction from previous nasal fracture. |
| | | S: c/o blurry vision. |
| | | O: Ⓐ subconjunctival hemorrhage, Ⓞ STS, no neurological |
| | | deficit, normal V₂ sensation, Ⓞ orbital step deformity, |
| | | clinically difficult to see enophthalmus, e |
| | | eyes. PERRLA, good vision, EOMI ⇒ no doubling vision any |
| | | gaze, normal visual field, |
| | | modality rub to # 11 ⇒ no V₁ indicated. |
| | | A/P: pat with orbital floor fracture, pat has no ⇒ |

INSTITUTION     HOUSING UNIT

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Bustillos, Robert

U23234

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

## SALINAS VALLEY STATE PRISON
### RETURN FROM OUTSIDE FACILITY DOCUMENTATION

| CDC # | Inmate Name | Date of Return | Time of Return |
|---|---|---|---|
| V23234 | BUSTILLOS   Robert | 9-25-04 | 2010 HRS |

Returning From: ☐ NMC  ☒ SVMH  ☐ DMH          Other: _____

Reason: ☒ MEDICAL  ☐ PSYCH  ☐ ER          Appointment: _____

Discharge Notes: ☒ YES  ☐ NO          Discharge Meds: ☒ YES  ☐ NO

Receiving MD: _Haffner_          Notified: ☒ YES  ☐ NO   Time: 2015

Orders Received: ☒ YES  ☐ NO          Patient Disposition: (RTC) CTC   Housing: D2-210

Follow-up Schedule: _ETA  9-27-04_
(5 days after return date)

Notes: * (Post physical altercation c̅ facial trauma *
RTC — make sure he is (single celled)
Give Roxicet ī tabs po 11D  X 5 days  at
Bring back to ETA monday (9-27/04)
for follow up

_____

D. S. CACHORN  RN                    Cachorn — 9-25-04
Receiving Registered Nurse (Print)              Signature / Date

Distribution:
Original UHR
Copies to:
    HCM
    UM Nurse
    Yard
    Receiving MD
    Primary Care Physician

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 9/25/04 | 1450 | | Send to SOMH |
| | | | noted Bfcllaswi 9/25/04 1450 |
| 9-25-04 | 2015 | HRS | No bed available in OTC |
| | | | May return to custody. |
| noted | | | Make sure he is single celled |
| arcadiori | | | Proxicet ii tabs po TID X 5 days |
| 9-25-04 | | | Bring back to ETA on monday (9-27-0 |
| 2015 | HRS | | for follow up. |
| | | | T.O. Dr. Haffner / arcadiori |

ALLERGIES: NKA   INSTITUTION SVSP   ROOM/WING D2 - 210

CDC NUMBER, NAME (LAST, FIRST, MI)

Bustillo, R
V23234

Confidential
client information
See W & I Code, Sections 4514 and
5328

PHYSICIAN'S ORDERS

CDC 7221 (2/00)
STATE OF CALIFORNIA   OSP 00 35617   DEPARTMENT OF CORRECTIONS

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 9/28/04 | | 1) | Clindamycin 300 p.o. t.d X 10 day |
| | 1758 | 2) | Roxicet ŦŦ p.o. b.i.d X 7 days |
| | | 3) | Opthalmology F/u - write |
| | | 4) | ENT - write |
| | | | noted BPQuank 9/28/ 1800 |

| ALLERGIES: | INSTITUTION | ROOM/WING |
|---|---|---|
| NKDA | SUSP | D2  2-17 |

CDC NUMBER, NAME (LAST, FIRST, MI)

U23234
Bustillos, Robert
6/6/79

Confidential
client information
See W & I Code, Sections 4514 and
5328

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA        OSP 00 35617        DEPARTMENT OF CORRECTIONS

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 9/28/04 | | 1) | Sutures out 9/30/04 |
| 08ll | | 2) | Panorex — do today |
| | | 3) | Opthamology — written |
| | | 4) | Oral/facial surgery — written |
| | | | Jnh |
| | | | noted BPollama 9/08/04 0850 |

| ALLERGIES: NKDA | INSTITUTION SJSP | ROOM/WING B2-210 |
|---|---|---|

CDC NUMBER, NAME (LAST, FIRST, MI)

V23234
Bustillo, Robert

Confidential
client information
See W & I Code, Sections 4514 and
5328

**PHYSICIAN'S ORDERS**

60679

CDC 7221 (2/00)
STATE OF CALIFORNIA        OSP 00 35617    DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA                                                            DEPARTMENT OF CORRECTIONS

## HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME Bustillos Robert | CDC NUMBER V23234 | INSTITUTION D2  217 |
|---|---|---|

| DATE OF BIRTH 6/6/79 | EPRD DATE | GENDER M |
|---|---|---|

| PRINCIPLE DIAGNOSIS Orbital Fx | ICD-9 CODE | CPT CODE(S) |
|---|---|---|

| REQUESTED SERVICE(S) ENT eval for repair | | # OF DAYS RECOMMENDED |
|---|---|---|

*Please circle all that apply:* Diagnostic Procedure/Consultation    Outpatient/Inpatient    Initial/Follow-up

Requested Treatment/Service is: **(EMERGENT)**    URGENT    ROUTINE

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: Dr Nowak _____ Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity (*briefly describe the clinical situation, the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant*): Pt sustained a (L) orbital fx c encephalmys needs eval for repair _____

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME Hahn | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE 9/29/04 |
|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE | DATE 9/29/04 | Utilization management tracking #: 04/05-32-OP-1106 |
| DATE OF CONSULTATION 9/29/04 | PRINTED NAME OF CONSULTANT Nowak | |

FINDINGS: (L) encephalmos. CT orbital floor fx c displaced

RECOMMENDATIONS: - remove sutures i 2 days. - OR 1 wk for orbital floor repair

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: ORIF orbital floor next visit

| CONSULTANT SIGNATURE | DATE 9/29/04 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH V23234 |
|---|---|---|
| RN SIGNATURE | DATE 09/29/04 | Bustillos, Robert |
| PCP SIGNATURE | DATE | 06/06/1979 |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN    - TO UHR PENDING ORIGINAL
CANARY   - CONSULTANT
PINK     - UM
GOLD     - SPECIALTY SCHEDULER

PHYSICIAN REQUEST FOR SERVICES (RFS)        CDC 7243 (Rev. 11/02)

pg 27

---

**REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)**

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

Orbital Fracture

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

ENT evaluation for repair

NATURE AND IMMEDIACY OF SERVICE:    ☐ MANDATORY    ☐ EMERGENCY    ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED

ENT - Dr Nowak 1095 Los Palos Dr.  9/29/04 @ 1300   422-8798    #1106

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):    ☒ UNIVERSAL    ☐ RESPIRATORY    ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)

SIGNATURE OF CHIEF MEDICAL OFFICER    DATE 9/29/04

**CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)**

| | LM | RELEASE DATE | CUSTODIAL CLASSIFICATION | |
|---|---|---|---|---|

SIGNATURE OF ASSOCIATE WARDEN    DATE 9/29/04

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS

REQUEST:    ☐ APPROVED    ☐ DENIED

SPECIAL CONDITIONS

| WARDEN'S SIGNATURE | DATE | FACILITY |
|---|---|---|

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

V 23234

Bustillos, Robert

06/06/1979

**REQUEST FOR AUTHORIZATION OF TEMPORARY**

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

REQUEST FOR:     MEDICAL ☐     MENTAL HEALTH ☐     DENTAL ☐     MEDICATION REFILL ☒

NAME  Bustillos
CDC NUMBER  V-33234
HOUSING  D2B 217

PATIENT SIGNATURE  Robert Ruble
DATE  10-3-04

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)  request a refill of Roxicin pain medication, Still having eye pain & back pain, Thank you.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|
| ☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.) |

| PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

Date / Time Received:                 Received by:

Date / Time Reviewed by RN:            Reviewed by:

S:                                    Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:    T:     P:     R:     BP:          WEIGHT:

A:

P:

☐ **See Nursing Encounter Form**

E:

*per orders 4d*
*10-20-04*

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |

**CDC 7362 (Rev. 03/04)**    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

pg 29

*Prior to each treatment, the Dentist must review the health history, note changes or specify no change; and use S.O.A.P. format when applicable.*

| DATE OF ACTION (month/day/year) | | TOOTH NUMBER | DIAGNOSIS - TREATMENT (Include signature at the end of each data entry) | PRISON LOCATION (ACRONYM) |
|---|---|---|---|---|
| 10 | 6 | 03 | Oral + Maxillofacial Surgery cont. | |
| | 2/ | B/P: | pat has no functional deficits, normal feeling and normal eye function, very hard to see normal enophthalmus as an cosmetic deficit. | |
| | | Plan: | discussed with pat the clinical findings and the surgery, explained the risk of blindness and ant' cosmetic deformity after surgery and the benefits of the surgery done next 30 mins. this... with pat the benefits and risks and showed in diagram of this fracture... in the presence of U.O.d-Sey offices... and assistant Sonia pat decided to have at the current time no surgery. He was informed that he can always change his mind. | |
| | | | J.M. _____ DDS, DMS | |
| 8 | 4 | 05 | PT PRODUCT DUE TO ESCORT SHORTAGE. | |
| | | | LOWER TAN PAS _____ | SVSD |

---

DRUG ALLERGIES?

☐ NO   ☐ YES

~~DENTAL PROGRESS NOTES~~
CDC 237C (1/00)

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Burtello, Robert

V 23234

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

*Jance w/g out power* **HEALTH CARE SERVICES**

**PHYSICIAN REQUEST FOR SERVICES**

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| | | | |
|---|---|---|---|
| PATIENT NAME BUSTILLOS, Robert | CDC NUMBER V 23234 | INSTITUTION SVSP 12210 | |
| DATE OF BIRTH 06.06.79 | EPRD DATE | GENDER M | |
| PRINCIPLE DIAGNOSIS ORBITAL FRACTURE | ICD-9 CODE | CPT CODE(S) | |
| REQUESTED SERVICE(S) ENT | | # OF DAYS RECOMMENDED | |

*Please circle all that apply:* **Diagnostic Procedure/Consultation**    ~~Outpatient~~/Inpatient    **Initial/Follow-up**

Requested Treatment/Service is:    **EMERGENT**    **URGENT**    **ROUTINE**

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: _DR. NOVAK._    Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity (*briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant*): _follow up. evaluation for repair or orbital fracture in 4 dys._

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| | |
|---|---|
| REQUESTING PHYSICIAN PRINTED NAME I A GRILO MD | APPROVED / AUTHORIZED / DENIED / DEFERRED BY   DATE 10/5/04 |
| REQUESTING PHYSICIAN SIGNATURE | DATE 09/29/04   Utilization management tracking #: 04/05-32-OP-1127 |
| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT |

FINDINGS: _____

RECOMMENDATIONS: _____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE | BUSTILLOS Robert |
| PCP SIGNATURE | DATE 1/1/04 | U 23234 |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

DOB 06 06 79.

**PHYSICIAN REQUEST FOR SERVICES (RFS)**    **CDC 7243 (Rev. 11/02)**

STATE OF CALIFORNIA

**HEALTH CARE SERVICES**
**PHYSICIAN REQUEST FOR SERVICES**
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

DEPARTMENT OF CORRECTIONS

P9 31

PATIENT NAME _Bustillos_    CDC NUMBER _V 23234_    INSTITUTION _SVSP_  _D 2 -217_

DATE OF BIRTH _6-6-79_    EPRD DATE    GENDER

PRINCIPLE DIAGNOSIS ① _orbital Fx_    ICD-9 CODE    CPT CODE(S)

REQUESTED SERVICE(S) _Evaluation + Treatment_    # OF DAYS RECOMMENDED

Please circle all that apply:  Diagnostic Procedure/Consultation    Outpatient/Inpatient    Initial/Follow-up

Requested Treatment/Service is:    **EMERGENT**    **URGENT**    **ROUTINE**

For the purpose of retrospective review, if emergent or urgent, please justify: _____

Proposed Provider: _Dr Wittenberg_    Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity (briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant): _Pt has Fx floor orbit requesting surgery due to_ _Eye pain and double vision Pt was seen on 10-6-04_

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME<br>_R- CORDERO_ | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE<br>_10/21/04_ |
| REQUESTING PHYSICIAN SIGNATURE<br>_R.m. Cordero MD_ | DATE<br>_10-20-04_ Utilization management tracking #:<br>_0405 32 OP-1413_ | |

DATE OF CONSULTATION _10/27/09_    PRINTED NAME OF CONSULTANT _Dr Wittenberg_

FINDINGS: _Sz I have blurry vision and double vision now_ _noted just when he noticed the blurry vision / double vision_ _since. I feel that I should have gotten Plac surgery_ _clinically: Vs vertebrin, barely noticed enophthalmos, normal EOM,_

RECOMMENDATIONS: _evaluate a by ophthalmology for visual_ _examination for double vision Pt._

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _ophthalmology consult_

| CONSULTANT SIGNATURE<br>_M Wittenberg_ | DATE<br>_10/27/04_ | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| ETA RN SIGNATURE | DATE | _Bustillos, Robert_ |
| PCP SIGNATURE<br>_R.m. Cordero MD_ | DATE<br>_11-10-04_ | _V 23234_ |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

_6-6-79_

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

PHYSICIAN REQUEST FOR SERVICES (RFS)    CDC 7243 (Rev. 11/02)

pg 32

| DATE | TIME | PROB # | |
|------|------|--------|--|
| 10/20/04 | 1200 | | **S:** (history includes details pertinent to the patient's medical complaint) <br><br> Pt had Trauma on the ® eye w/c resulted to orbital floor Fx. Pt refused surgery. Pt now requesting surgery 2° to eye pain + double vision |
| | | | **O:** (physical assessment) T:    P: 119  R: 20  B/P: 134/94  Wt: 200 <br><br> Eye - ® minimal subconjunctival hemorrhage temporal side. EOM's intact Scar on the supra orbital area |
| | | | **A:** (medical/nsg diagnosis. MTAs may not independently analyze or interpret data.) <br><br> Orbital Fracture |
| | | | **P:** (MTA – referral to a higher licensure for prioritization and evaluation.) <br> (RN -action to be taken by the RN so that the patient receives appropriate medical care.) <br><br> Refer to Maxillo Facial Surgeon |
| | | | **E:** (education provided)  Discuss his Case <br> Jen-Cordero 2 |

| INSTITUTION  SVSP | ROOM / WING  D2-217 |
|---|---|

OUTPATIENT INTERDISCIPLINARY
PROGRESS NOTES

CDC NUMBER, NAME, (LAST, FIRST, MI)

Busvillos
V23234
6·6·79

CDC 7254 (8/89)

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

pg 33

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|------------|------|-----------|------------------------------------------------------------------------------|
| 10-20-04 | 1330 | | Refer to Maxillo Facial Surgeon |
| | | | ~~tator~~ |
| | | | Jn. Condero u D |
| 10-20-04 | 1400 | | Roxicel ī tab p.o q 4° prn for |
| | | | eye pain x ī wk |
| | | | Naproxen 500mg b.i.d x 4 days |
| | | | F/u in ī mo |
| | | | Jn Condero u D |
| | | | Noted O. Dators RN 10/20/04 1400 |
| | | | |
| 11-10-04 | 1130 | | Refer to opthalmology |
| | | | Noted [signatures] Jn Condero u D |
| | | | |
| | | | |
| | | | |
| | | | |

ALLERGIES:                    INSTITUTION                    ROOM/WING

CDC NUMBER, NAME (LAST, FIRST, MI)

Confidential
client information
See W & I Code, Sections 4514 and
5328

Bustillos
V23234
6·6·79

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)
STATE OF CALIFORNIA          OSP 00 35617          DEPARTMENT OF CORRECTIONS

| DATE | TIME | PROB# | |
|------|------|-------|--|
| 05/10/2005 | 12:50pm | | S: (history includes details pertinent to the patient's medical complaint)<br><br>Pt came with form 602. has Changed his mind about having surgery for his fractured left orbit. |
| | | | O: (physical assessment) T: 96.4 P: 106 R: 20 B/P: 123/89 Wt: 181<br><br>∅ orbital muscle weakness.<br>∅ diplopia<br>⊕ deviated nasal septum. |
| | | | A: (medical/nsg diagnosis. MTAs may not independently analyze or interpret data.)<br><br>① S/p fracture lt. orbit ⊕ ∅<br>② deviated nasal septum<br><u>P:</u> (MTA – referral to a higher licensure for prioritization and evaluation.)<br>(RN -action to be taken by the RN so that the patient receives appropriate medical care.)<br><br>① pt refuses surgery for lt. orbit<br>② deviated nasal septum – ∅ breathing difficulties<br>E: (education provided)<br><br>I'm informed.    K. Khoral |

| INSTITUTION | Salinas Valley State Prison | ROOM/WING | FDB8T2000000226U |
|-------------|---------------------------|-----------|------------------|

| OUTPATIENT INTERDISCIPLINARY<br>PROGRESS NOTES | CDC NUMBER, NAME, (LAST, FIRST, MI)<br><br>V23234<br>BUSTILLOS, ROBERT<br>06/06/1979 |
|---|---|

CDC 7254 (8/89)

STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

P9 35

FILED

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

NOV 1 8 2008

Name Bustillos    Robert    J
     (Last)        (First)   (Initial)

Prisoner Number V-23234

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT.
NORTHERN DISTRICT OF CALIFORN

Institutional Address Salinas Valley State Prison
31625 Hwy 101, P.O. Box 1050, Soledad, Ca 93960

===============================================================

UNITED STATES DISTRICT COURT                    **PJH**

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Robert John Bustillos              **C 05 4728**
(Enter the full name of the        Case No.
plaintiff in this action)          (To be provided by the clerk
                                   of court)

                    vs.                              **(PR)**

C.O. Perez (male) D8               COMPLAINT UNDER THE CIVIL
C.O. J.J. Rodriguez Jr.            RIGHTS ACT, 42 U.S.C § 1983
Lt. Rankin, Lt. Billings
C.O. Ornelas, C.O. Wilson          (✗) DEMAND FOR JURY TRIAL
(Enter the full name of the        ( ) NO JURY TRIAL DEMAND
defendant(s) in this action)           (check one only)


     All questions on this complaint form must be answered in order
for your action to proceed.

I.    Exhaustion of Administrative Remedies

     **Note:** You must exhaust your administrative remedies before
     your claim can go forward.  The court will dismiss any
     unexhausted claims.

     A.    Place of present confinement Salinas Valley State Pris
(unconstitutionally held in Ad-Seg (Administration
     B.    Is there a grievance procedure in this institution?  Segraga
           YES (✗)    NO ( )

     C.    Did you present the facts in your complaint for review
           through the grievance procedure?  YES (✗)    NO ( )

1

# INMATE/PAROLEE To1
## APPEAL FORM WARDEN
CDC 602 (12/87)  Hodgepeth,

| Location: Institution/Parole Region | Log No. | Category |
| --- | --- | --- |
| 1. SVSP | 1. | |
| 2. | 2. | / |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. A VARD    DISMISS R4VR

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
| --- | --- | --- | --- |
| BUSTILLOS | V23234 | Not Assigned | |

A Describe Problem: I was seriously and viciously assaulted 9-25-04 by old Cell-mate Clugston J-24969 (D2-201) over a sexual assault I have on my paperwork. I suffered 2 broken walls outside my eye socket, a major gash above my eye requiring stiches, numerous cuts, bruise and stratches plus a dislocated jaw. I was rushed to the E.R. Room by ambulance, where it was determined I needed eye surgery. The day of th incident Clugston was telling me I was a sex offender and he should take care of me. "I was walking to the door to call an officer to the

If you need more space, attach one additional sheet.                                OVER

B. Action Requested: My 115 dropped, innate Clugston J-24969 D2-201 given a indeterminate S.H.U. for the viedous permanl disfigureing assault he did to me. Also request single Cell status for remaining 4 years plus!

Inmate/Parolee Signature: _____ RECD OCT -7 2004  Date Submitted: 9-30-04

C. INFORMAL LEVEL (Date Received: _____ )           DELIVERED OCT 2 7 2004

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

RECEIVED
A.2-1
APR 25 2005
INMATE APPEALS BRANCH

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

Change cells with CO. Clugston -> me, punching me in the eye, where I fell and lost conciousness. My eye at this point is completely shut and I cannot see anything and I'm in extreme pain, I barely regain conciousness and Clugston repeatly, viciously punches and kicks me as I'm bleeding from a major gash above my eye, my eye is totally shut, and I'm lying on the floor, He repeatly calls me "sex offender," as he cowardly continues to assault me. He finally lets me go from a choke "Head-lock," where he attempts to kill Kill me!, I break free, and aske him to stop assaulting me, I then go to the Cell-Door, and call CO Ledder CO. J.J. Rodriguez Jr, that Clugstons trying to kill me, Theres My blood all over the Cell and Clugston doesn't have a single scratch. Why? Because I was assaulted, We did not have a Mutual Combat fight, that C.O. J.J. Rodriguez Jr, so Unethically, and deceitfully reported.

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

To Warden Kane

Location: Institution/Parole Region   SVSP
Log No.
Category

1.
2.

1.
2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.  DISMISS RVR

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BUST ILLOS | V-23234 | N/A | D2 201 |

A. Describe Problem: I was violently and severely attacked and beaten, then SVSP has the audacity to give me a 115 and find me guilty of Mutual Combat. I will not stand for it! I have a sex offense on my Record and my old Cell-mate Clughton J-24969 used it as an excuse to viciously attack me, attempting to kill me. I suffered a major gash above my eye requiring stitches, a broken left orbital in which my eye will never be the same and a dislocated jaw. I was rushed to the E.R. via ambulance - thats how bad my injuries were. I also will need

If you need more space, attach one additional sheet.

REC'D OCT 2 9 2004

B. Action Requested: 115 guilty findings Reversed (90 days cred.+ reinstated, Points restored, Canteen privledge Reinstate

Inmate/Parolee Signature: Robert Bush   REC'D DEC 3 1 2004   Date Submitted: 10-28-04

DELIVERED NOV 1 8 2004

C. INFORMAL LEVEL (Date Received: _____ )   DELIVERED JAN 2 1 2005

Staff Response:

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number:

were his injuries, apparently currently he is doing nothing but fighting where ever he goes, I have no fights on my Record. C.O. J.J. Rodriguez Jr. says he witnessed us striking each other in the face. This isnt true! I dont know what he think he saw but I did not throw a single punch. When he arrived I was drenched in Blood! When I asked C.O. Rodriguez why he reported what he reported he flipped me off said "Fuck You" and walked away. I was so delerious and distraught when I was given a 7219 that I said we had gotten into a fight, I retract that statement and I should have been more accurate that I was attacked! I was in emotional distre and didn't make sense of it all at the 7219 interview. During my 115 hearing, Lt. Billings didn't hear me out (my version of what happened) she just said an officer's word against mine" (Case closed). I'm only asking for Justice, that you look at my severe permanent injuries, and see for yourself there was no Mutual Combat, that I'm innocent, I wa it 51 points ready any week to transfer closer to Home due to a Hardship. My grandparents are in their mid 70's there all I have and I need to be transfered with Level 3 points closer to home, I'v been trying my best to maintain an Honest Program and for SVSP to take 90 days from me for getting severly beaten is Ludacris! This is my 1st Prison term and its been very hard for me, but I make efforts to stay out of trouble because I want to keep my Release Date, I do not deserve a 115. Please make the right decisi

pg 39

STATE OF CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region    Log No.    Category

1. _SVSP-D_    1. _____    |

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME _Bustillos_ | NUMBER _V-23234_ | ASSIGNMENT _Not Assigned_ | UNIT/ROOM NUMBER _D2-114_ |

A. Describe Problem: _I was forced into taking a Incompatible Celly by threats from C.O. Perez D8, that if I didnt take in inmate Clugston (CJ-24969) as a Celly I will get a 115 and have transfer automatically delayed by months. Inmate Clugston is Level 4 with 150 plus points and nothing but fights on his record, and is still General Population. As I am in Ad-Seg for safety Concerns (Sexual offense on record) I am was Level 3 at the time with no fights on record. Me being placed and furthermore forced into taking Clugston as a_

If you need more space, attach one additional sheet.

B. Action Requested: _1) Discipline action for C.O.s Perez (D8) C.O. Rodriguez Jr. J.J, C.O. Ornelas, C.O. Rivera, C.O. Wilson (D2) C.O. Singh, C.O. Campos, and C.O. Tschechilld._

Inmate/Parolee Signature: _Robert Bustillos_    Date Submitted: _2-05_

REC'D MAR 0 3 2005

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

DELIVERED
MAR 2 2 2005

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

Perez [DE

On 9/25/04 I was severely attacked by cellmate suffering severe injuries warranting Emergency Room Admission, I f suffer left medial orbit and orbital floor fractures. Extensive left periorbita swelling. Left forhead laceration 3-cm, requiring suturing. Multiple facial abrasions and contusions. Midline cervical tenterness in mandible. The reason for the attack was my "paper work" issues with my sexual offense. My attacker did not have a single. Scratch, because I was attacked! Despite all of this obvious evidence, C.O. J.J. Rodriguez Jr. disgracefully lies and gives a false report that he saw Mutual Combat, When I confronted Rodriguez about his false 115 report he said "fuck you" flippe me off and walked away. By his diceitfullness I receive a 115 and lose 90 days credit, a much needed transfer closer to home, and denied to go to A-yard, because my Attacker, inmate Clugston is rewarded and allowed to go the yard, where it clearly states that extraordinary discipline is given in cases of injurys req. Suturing plus broken bones. At this point I've suffered severe physical trauma and great pain and suffering by being forced to wait in Ad-Seg for 7 1/2 months and to this date. I still havn't transfered and my grandparents in their mid 70's travel 2 1/2 hours each way to see me behind a glass window. I havn't been able to call them in 7 1/2 months or telephone my Appellate Attorney in my Appeal in which time my inassistance has caused my case to disintegrate, and my life hanging in the balance totally dis-regarded. To add to my extended pain and suffering I've been the target of callous remarks by C.O. Orneles, C.O. Rodgriguez J.J, C.O. Wilson, C.O. Singh, C.O. Campos and C.O. Tschechilld, rideculing me for my injuries. I have 25 E.R. and Medical Records showing the obviousness of me being attacked. Despite all of this my 602 to reverse my guilty findings of 115 have been rejected, due largely because I can't get copies of 115, which I should have automatically received. I tried at least 5 times to get 115 copies and I get no response. I plan on filing all Law Suit actions which I feel as someone with dignity and respect should do. I am just going through the motions of CDC 1858 and complaint pro

§ 3000                    DEPARTMENT OF CORRECTIONS                    TITLE 15

Parole Violator means a parolee who is found to have violated parole and who may be returned to custody pursuant to Penal Code section 3057.

Parolee means a felon or civil addict commitment released from confinement in state prison to supervision in the community.

Parolee-at-Large means an absconder from parole supervision, who is declared a fugitive by releasing authority action suspending parole.

Polygraph Examination means the procedure by which a polygraph examiner renders an opinion as to the veracity of statements made by an examinee.

Polygraph Examiner means a person who purports to be able to determine the truthfulness of statements through the use of a polygraph instrument.

Preprison Credit means credit for time in custody as certified by the court and provided for in Penal Code section 2900.5.

Prison Gang—means any gang, which originated and has its roots within the department or any other prison system.

Prisoner means a person in custody of the director and not paroled. Prisoner and inmate are synonymous terms.

Probation Officer's Report means a CDC Form 174 (Rev. 3/87), Probation Officer's Report, prepared by the probation officer in the county where the offense was committed.

Project, as used in sections 3475 through 3478, means a proposal of something to be done for which a contract has not yet been awarded.

Public Interest Case is a case identified by a Classification Staff Representative as involving a High Notoriety inmate who requires exceptional placement.

Received Date means the date an inmate is initially received into a facility of the department.

Receiving State means the state, which supervises a cooperative parolee or a concurrent parolee.

Regional Parole Administrator means the department's administrator of a parole and community services division geographical region.

Religious Artifact means any bag, cross, medallion, totem, bible, pipe, or other item in which the possessor places religious or spiritual significance.

Relevant Evidence means evidence, which tends to prove or disprove an issue or fact in dispute.

Responsible Bidder means, in addition to other State contracting requirements, a bidder who has either met the disabled veteran business enterprise goal or who has demonstrated that a good faith effort was made to meet the goal.

Restricted or controlled inmate movement means that the affected inmates are not permitted normal release schedules and that all or specified movement may require a greater degree of supervision than normal. Such restriction may include, but is not limited to controlled feeding, a section at a time, rather than the entire unit or sub-facility being released. Such restrictions do not constitute a State of Emergency as determined in Section 3383.

Review means formal investigation into facts related to appeal allegations, and documentation of the findings and the decision to grant or deny the appeal.

Room and Board means all that the department provides for the inmate's care, housing and retention.

Screening means evaluation by staff to ascertain that specified requirements or criteria are met.

Secure Perimeter means the largest Security Perimeter that physically retains inmates in custody on facility property.

Security Perimeter means any unbroken physical barrier or combination of physical barriers that restricts inmate movement to a contained area without being processed through a door, gate, or sally port.

Serious injury means a serious impairment of physical condition, including, but not limited to, the following: loss of conscious-

ness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring suturing; and disfigurement.

Small Business Firm means a business in which the principal office is located in California and the officers of such business are domiciled in California which is independently owned and operated and which is not dominant in its field of operation. The maximum dollar volume that a small business may generate shall vary from industry to industry to the extent necessary to reflect differing characteristics of such industries.

Special Assignment means a departmentally-approved special program, temporary or short-term assignment for departmental convenience, or medical or psychiatric treatment category with exceptional credit-earning provisions.

Street gang refers to gang as defined herein except that it is not a prison gang.

Strike means any concerted act of more than 50 percent of the bargaining unit employees in a lawful refusal of such employees under applicable state or federal law to perform work or services for an employer, other than work stoppages based on conflicting union jurisdictions or work stoppages unauthorized by the proper union governing body.

Subcontractor means any person or entity that enters into a subcontract with a prime contractor for work, materials, supplies and/or labor.

Sweat Lodge means a Native American Indian ceremonial hut.

Terminal illness means an incurable disease process with progression unresponsive to medical intervention where a medical doctor estimates that death will occur within a six-month period.

Time Computation means the department's uniform method for calculating an inmate's term and minimum and maximum release dates as governed by law.

Time Served means that time an inmate is imprisoned with the department between their received date and a given date.

Trade Paper means a publication that meets all of the following criteria: (1) has a business orientation relating to the trade or industry for which the advertisement is being placed; (2) is known and utilized by members of that trade or industry; (3) primarily offers articles, editorials (if any), and advertisements of business opportunities aimed at that trade or industry; and (4) is readily available within the geographical area for which the advertisement is placed and for which the services are to be performed.

Unit Supervisor means a supervisor of case-carrying parole agents in the parole and community services division.

Unusual Violence describes the circumstances of an offense wherein the inmate acted to torture the victim over a period of time or intentionally made the victim endure great pain and suffering. A single act of stabbing, shooting, or beating of a victim does not necessarily qualify.

Vexatious Litigant means a person who does any of the following: (1) in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (a) finally determined adversely to the person or; (b) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing; (2) after a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate in propria persona either; (a) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or; (b) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined; (3) in any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay; (4) has previously

formation from the source, or unless the circumstances surrounding the event and the documented reliability of the source satisfies the decision maker(s) that the information is true.

(2) Any document containing information from a confidential source shall include an evaluation of the source's reliability, a brief statement of the reason for the conclusion reached, and a statement of reason why the information or source is not disclosed.

(3) The documentation given to the inmate shall include:

(A) The fact that the information came from a confidential source.

(B) As much of the information as can be disclosed without identifying its source including an evaluation of the source's reliability; a brief statement of the reason for the conclusion reached; and, a statement of reason why the information or source is not disclosed.

(c) A confidential source's reliability may be established by one or more of the following criteria:

(1) The confidential source has previously provided information which proved to be true.

(2) Other confidential source have independently provided the same information.

(3) The information provided by the confidential source is self-incriminating.

(4) Part of the information provided is corroborated through investigation or by information provided by non-confidential sources.

(5) The confidential source is the victim.

(d) Filing confidential material.

(1) Only case information meeting the criteria for confidentiality shall be filed in the confidential section of an inmate's/parolee's central file.

(2) Proposed confidential documents shall be reviewed, signed, and dated by a staff person at the correctional counselor III, parole agent III, correctional captain, or higher staff level to indicate approval of the confidential designation and placement in the confidential section of the central file.

(3) Classification committee shall review the material filed in the confidential folder of each case considered. Any material not approved but designated confidential shall be removed from the folder and submitted to the designated staff person for review and determination.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 1798.34, 1798.40, 1798.41 and 1798.42, Civil Code; section 6255, Government Code; and Sections 2081.5, 2600, 2601, 2932, 5054 and 5068, Penal Code; and *Illinois* v. *Gates*, 462 U.S. 213 (1983).

HISTORY:

1. Repealer and new section filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

2. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

3. Repealer and new section filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

4. Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

5. Repealer and new section filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

6. Certificate of Compliance transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

7. Amendment of subsection (c)(4) and Note filed 8-30-99 as an emergency; operative 8-30-99 (Register 99, No. 36). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be

transmitted to OAL by 2-8-2000 or emergency language will be repealed by operation of law on the following day.

8. Certificate of Compliance as to 8-30-99 order transmitted to OAL 2-7-2000 (Register 2000, No. 12).

**3322. Length of Confinement.**

(a) No inmate shall be kept in disciplinary detention or confined to quarters more than ten days. The chief disciplinary officer may shorten time spent in disciplinary detention or confined to quarters if the inmate appears ready to conform and the facility disciplinary process will benefit by such an action. When the disciplinary detention or confined to quarters disposition has expired and continued segregation is deemed necessary, the inmate shall be processed pursuant to section 3335.

(b) Time spent in segregation pending a disciplinary hearing shall normally be credited toward any disciplinary detention or confined to quarters sentence imposed. Reasons for not granting credit shall be explained in the disposition section of the CDC Form 115.

(c) No inmate shall be confined to quarters or otherwise deprived of exercise as a disciplinary disposition longer than ten days unless, in the opinion of the institution head, the inmate poses such an extreme management problem or threat to the safety of others that longer confinement is necessary. The director's written approval is required for such extended confinement.

NOTE: Authority cited: section 5058 Penal Code. Reference: section 5054 Penal Code.

HISTORY:

1. Amendment of section and new Note filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

**3323. Disciplinary Credit Forfeiture Schedule.**

(a) Upon a finding of guilt of a serious rule violation, a credit forfeiture against an indeterminate term of imprisonment or any minimum eligible parole date for an inmate sentenced to a term of either 15 or 25-years-to-life shall be assessed within the ranges specified in (b) through (h) below:

(b) Division "A-1" offenses; credit forfeiture of 181–360 days:

(1) Murder, attempted murder, and solicitation of murder. Solicitation of murder shall be proven by the testimony of two witnesses, or of one witness and corroborating circumstances.

(2) Manslaughter.

(3) Battery causing serious injury.

(4) Attempted battery or battery with a deadly weapon or caustic substance.

(5) Rape, attempted rape, sodomy, attempted sodomy, oral copulation, and attempted oral copulation against the victim's will.

(6) Taking a hostage.

(7) Escape with force or violence.

(8) Possession or manufacture of a deadly weapon or explosive device.

(c) Division "A-2" offenses; credit forfeiture of 151–180 days.

(1) Arson involving damage to a structure.

(2) Possession of flammable, explosive, or combustible material with intent to burn any structure or property.

(3) Solicitation of battery with a deadly weapon or battery by means of force likely to produce serious injury, arson, or a forcible sex act.

(4) Destruction of state property valued in excess of $400 during a riot or disturbance.

(5) Any other felony involving violence or injury to a victim not specifically listed in this schedule.

(6) Attempted escape with force or violence.

(7) Distribution of any controlled substance in an institution/facility or contract health facility.

(8) Conspiracy to commit any Division "A-1" or "A-2" offense.

(d) Division "B" Offenses; credit forfeiture of 121–150 days.

1. An inmate assigned to a security-housing unit on an indeterminate SHU term shall be reviewed by a classification committee at least every 180 days for consideration of release to the general inmate population. An investigative employee shall not be assigned at these periodic classification committee reviews.

2. Except as provided at section 3335(a), section 3378(d) and subsection (c)(5), a validated prison gang member or associate is deemed to be a severe threat to the safety of others or the security of the institution and will be placed in a SHU for an indeterminate term.

(B) Determinate SHU Segregation.

1. A determinate period of confinement in SHU may be established for an inmate found guilty of a serious offense listed in section 3315 of these regulations. The term shall be established by the Institutional Classification Committee (ICC) using the standards in this section, including the SHU Term Assessment Chart (see section 3341.5(c)(9)), Factors in Mitigation or Aggravation (see section 3341.5(c)(10)), SHU Term Assessment Worksheet CDC Form 629-A, Rev. 3/96, Assessment of Subsequent SHU Term Worksheet CDC Form 629-B, Rev. 9/90, and SHU Time Computation Table (see CDC Form 629-D Rev. 7/88).

2. The term shall be set at the expected term for the offense in the absence of mitigating or aggravating factors. Deviation from the expected term shall be supported by findings pursuant to subsection (c)(7).

3. The terms shall be recorded on CDC Form 629-A, SHU Term Assessment Worksheet, using the SHU Time Computation Table, which incorporates one-fourth, clean conduct credit in the term. The computation shall establish a maximum release date and a minimum eligible release date (MERD). A copy of the CDC Form 629-A shall be given to the inmate.

4. Serious misconduct while in SHU may result in loss of clean conduct credits or an additional determinate term for an inmate serving a determinate term. Such additional term may be concurrent or consecutive and shall be recorded on CDC Form 629-B with a copy given to the inmate. Such cases shall be referred to a CSR for approval; however, all release and retention requirements of section 3339 shall remain in effect pending CSR approval.

5. Up to 45 days of a SHU inmate's clean conduct credits may be forfeited for disciplinary infractions that are not serious enough to warrant the assessment of a subsequent or concurrent SHU term. Such forfeiture may be assessed against credits already earned or future credits.

6. Consecutive SHU terms shall be assessed only for offenses occurring after commencement of a prior determinate SHU term.

7. The ICC may commute or suspend any portion of a determinate term. Once commuted, the term shall not be reimposed. If suspended, the period of suspension shall not exceed the length of the original term imposed. When either action occurs, the case shall be referred to a classification staff representative (CSR) with a placement recommendation.

8. The Unit Classification Committee shall conduct hearings on all determinate cases at least 30 days prior to their MERD or during the eleventh month from the date of placement, whichever comes first.

(3) Release from SHU. An inmate shall not be retained in SHU beyond the expiration of a determinate term or beyond 11 months, unless the classification committee has determined before such time that continuance in the SHU is required for one of the following reasons:

(A) The inmate has an unexpired MERD from SHU.

(B) Release of the inmate would severely endanger the lives of inmates or staff, the security of the institution, or the integrity of an investigation into suspected criminal activity or serious misconduct.

(C) The inmate has voluntarily requested continued retention in segregation.

(4) A validated prison gang member or associate shall be considered for release from a SHU, as provided above, after the inmate is verified as a gang dropout through a debriefing process.

(5) As provided at section 3378(e), the Departmental Review Board (DRB) may authorize SHU release for prison gang members or associates categorized as inactive. The term inactive means that the inmate has not been involved in gang activity for a minimum of six (6) years. Inmates categorized as inactive who are suitable for SHU release shall be transferred to the general population of a Level IV facility for a period of observation that shall be no greater than 12 months. Upon completion of the period of observation, the inmate shall be housed in a facility commensurate with his or her safety needs. In the absence of safety needs, the inmate shall be housed in a facility consistent with his or her classification score. The DRB is authorized to retain an inactive gang member or associate in a SHU based on the inmate's past or present level of influence in the gang, history of misconduct, history of criminal activity, or other factors indicating that the inmate poses a threat to other inmates or institutional security.

(6) As provided at section 3378(f), an inmate categorized as inactive and placed in the general population may be returned to segregation based upon one reliable source item identifying the inmate as an active gang member or associate. The procedures described in this Article shall be utilized for the removal of the inmate from the general population, the review of the initial segregation order, and all periodic reviews of the indeterminate SHU term.

(7) Determinate SHU terms shall only be served in a departmentally approved SHU or a facility specifically designated for that purpose.

(8) When an inmate is paroled while serving a determinate term, the remaining time on the term is automatically suspended. When an inmate returns to prison, either as a parole violator or with a new prison commitment, ICC shall evaluate the case for reimposition of the suspended determinate term. If reimposed, the term shall not exceed the time remaining on the term at the time of parole.

(9) SHU Term Assessment Chart (fixing of determinate confinement to SHU).

| OFFENSE | TYPICAL TERM (Mos) | | |
|---|---|---|---|
| | Low | Expected | High |
| (A) Homicide: | | | |
| 1. Murder, attempted murder, solicitation of murder, or voluntary manslaughter of a non-inmate. | (36 | 48 | 60) |
| 2. Murder, attempted murder, solicitation of murder, or voluntary manslaughter of an inmate. | (15 | 26 | 36) |
| (B) Violence Against Persons: | | | |
| 1. Assault on a non-inmate with a weapon or physical force capable of causing mortal or serious injury. | (09 | 28 | 48) |
| 2. Assault on an inmate with a weapon or physical force capable of causing mortal or serious injury. | (06 | 15 | 24) |
| 3. Assault on a non-inmate with physical force insufficient to cause serious injury. | (06 | 12 | 18) |
| 4. Assault on an inmate with physical force insufficient to cause serious injury. | (02 | 03 | 06) |
| 5. Throwing a caustic substance on a non-inmate. | (02 | 03 | 04) |
| (C) Threat to Kill or Assault Persons: | | | |
| 1. Use of non-inmate as hostage. | (18 | 27 | 36) |
| 2. Threat to a non-inmate. | (02 | 05 | 09) |
| 3. Threat to an inmate. | (02 | 03 | 04) |
| (D) Possession of a Weapon: | | | |

DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _SUSP_    1. _____    15

2. _____    2. _____

ATTN- Warden
OR
Superintendent

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| BUSTILLOS | V-23734 | | D2-124 |

A. Discuss Problem: _I get vicously assaulted w/permanant injuries, with th_
_obvious there was no Mutual Combat, Lose my transfer to (PVSP) and_
_told to remain in Ad-Seg, when I was placed initially for Safety_
_Concerns. I'm being treated like pure Hell!_

REC'D NOV 23 2004

If you need more space, attach on additional sheet.

A. Action requested: _I CC. Nov 24th and for this nightmare Hell to end_
_and be placed to A-yard @ SUSP or transferred ASAP to another_
_Prison. I've been in the Hole 5 months for no disciplinary_
_reason. Also I should be placed in A-yard and he should_
_be in Ad-Seg. I'm the victim he's the aggressor, its only fair_

Inmate/Parolee Signature: _____    Date Submitted: _____

B. INFORMAL LEVEL (Date Received _____)
Staff Response: _____

DELIVERED DEC 2 3 2004

Staff Signature: _____    Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono. CDC 128. etc.) and submit to the Institution/Parole Region Appeals Coordinator for procession within 15 days of receipt of response.
_I should have the Basic Right to sign a "Marraige Contract_
_I am not seeking to restant any conflict I have this right_
_to sign one._

Signature: _____    Date Submitted: _12-30-04_

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim

CDC Appeal Number:

RECEIVED DEC 31 2004

APR 25 2005

MAIN APPEALS BRANCH

555 new

FILED

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

Name Bustillos    Robert    J

(Last)        (First)        (Initial)

NOV 18 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number V-23234

Institutional Address Salinas Valley State Prison

31625 Hwy 101, P.O. Box 1050, Soledad, Ca 93960

==================================================================

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**PJH**

Robert John Bustillos

(Enter the full name of the
plaintiff in this action)

Case No. **C 05 4728**

(To be provided by the clerk
of court)

vs.

C.O. Perez (male) D8
C.O. J.J. Rodriguez Jr.
Lt. Rankin, Lt. Billings
C.O. Ornelas, C.O. Wilson

(Enter the full name of the
defendant(s) in this action)

**(PR)**

COMPLAINT UNDER THE CIVIL
RIGHTS ACT, 42 U.S.C § 1983

(X) DEMAND FOR JURY TRIAL
( ) NO JURY TRIAL DEMAND
    (check one only)

All questions on this complaint form must be answered in order
for your action to proceed.

I.    Exhaustion of Administrative Remedies

**Note:** You must exhaust your administrative remedies before
your claim can go forward.  The court will dismiss any
unexhausted claims.

A.    Place of present confinement Salinas Valley State Pris

(un Constitutionally held in Ad-Seg (Administration Segraga

B.    Is there a grievance procedure in this institution?
    YES (X)    NO ( )

C.    Did you present the facts in your complaint for review
    through the grievance procedure?    YES (X)    NO ( )

1

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    1. SVSP    Log No. 1. _____   Category _____
                                                        2. _____        2. _____

WARDEN
Hedgepeth,

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   AVACO    DISMISS R4/12

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| BUSTILLOS | V23234 | Not Assigned | |

A. Describe Problem: I was seriously and viciously assaulted 9-25-04 by old cell-mate Clugston J-24969 (D2-201) over a sexual assault I have on my paperwork. I suffered 2 broken walls outside my eye socket, a major gash above my eye requiring stitches, numerous cuts, bruises and stratches, plus a dislocated jaw. I was rushed to the E.R. Room by ambulance where it was determined I needed eye surgery. The day of the incident Clugston was telling me I was a sex offender and he should take care of me." I was walking to the door to call an officer to

If you need more space, attach one additional sheet.                                    over →

B. Action Requested: My 115 dropped, inmate Clugston J-24969 D2-201 given a indeterminate S.H.U. for the viedous permanted disfigureing assault he did to me. Also request Single Cell Status for remaining 4 years plus.

Inmate/Parolee Signature: _____   RECD OCT - 7 2004   Date Submitted: 9-30-04

C. INFORMAL LEVEL (Date Received: _____ )          DELIVERED OCT 2 7 2004

Staff Response: _____

_____

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

A2-1
APR 2 5 2005

INMATE APPEALS BRANCH

Signature: _____                          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

79 47

Change Cells when Clugston blind-side attacks me, punching me in the eye, where I fell and lost conciousness. My eye at this point is completely shut and I cannot see anything and I'm in extreme pain, I barely regain conciousness and Clugston repeatly, viciously punches and kicks me as I'm bleeding from a major gash above my eye, my eye is totally shut, and I'm lying on the floor, He repeatedly calls me "sex offender," as he cowardly continues to assault me. He finally lets me go from a chook "Head-lock" where he attempts to Kill Kill me! I break free, and ask him to stop assaulting me, I then go to the Cell-Door, and call C.O. Kuder C.O. J.J. Rodriquez Jr. that Clugstons trying to kill me, Theres My blood all over the Cell and Clugston doesn't have a single scratch. Why? Because I was assaulted. We did not have a Mutual Combat fight, that C.O. J.J. Rodriquez Jr, so Unethically, and deceitfully reported.

ps 48

**INMATE/PAROLEE**
**APPEAL FORM** To Warden Kane
CDC 602 (12/87)

Location: Institution/Parole Region SVSP
Log No. 1. _____ 2. _____
Category 1. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    DISMISS RVR

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| BUSTILLOS | V-23234 | N/A | D2-201 |

A. Describe Problem: I was violently and severely attacked and beaten, then SVSP has the audacity to give me a 115 and find me guilty of Mutual Combat. I will not stand for it! I have a sex offense on my record and my old Cell-mate Clugston J-24969 used it as an excuse to viciously attack me, attempting to kill me. I suffered a major gash above my eye requiring stiches, a broken left orbital in which my eye will never be the same and a dislocated jaw. I was rushed to the E.R. via ambulance — thats how bad my injuries were. I also will need ~~Rest~~

If you need more space, attach one additional sheet.

RECD OCT 2 0 2004

B. Action Requested: 115 guilty findings Reversed, 90 days cred. reinstated, points Restored, Canteen privledges Reinstated

Inmate/Parolee Signature: Robert Bustillo    RECD DEC 3 1 2004    Date Submitted: 10-28-04
DELIVERED NOV 1 0 2004

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: DELIVERED JAN 2 1 2005

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

P9 49

were his injuries? absolutly nothing. He's reputation is nothing but fighting where ever he goes, I have no fights on my Record. C.O. J.J. Rodriguez Jr. says he witnessed us striking each other in the face This isn't true! I dont know what he think he saw but I did not throw a single punch. When he arrived I was drentched in Blood! When I asked C.O. Rodriguez why he reported what he reported he flipped me off said "Fuck You" and walked away. I was so delerious and distraught when I was given a 7219 that I said we had gotten into a fight, I retrack that statement and I should have been more accurate that I was attacked! I was in emotional distre and didn't make sense of it all at the 7219 interview, During my 115 hearing, Lt. Billings didn't hear me out (my version of what happened) she just said an officer's word against mine "(case closed)." I'm only asking for Justice, that you look at my severe permanent injuries, and see for yourself there was no Mutual Combat, that I'm innocent, I wa it 51 points ready any week to transfer closer to Home due to a Hardship. My grandparents are in their mid 70's there all I have and I need to be transfered with LeVeL 3 points closer to home, I've been trying my best to maintain an Honest Program and for SVSP to take 90 days from me for getting severly beaten is Ludacris! This is my 1st prison term and its been very hard for me, but I make efforts to stay out of trouble because I want to keep my Release Date. I do not deserve a 115. Please make the right decisi

pg 50

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _SVSP-D_ | 1. _____ | ( |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Bustillos | NUMBER V-23234 | ASSIGNMENT Not Assigned | UNIT/ROOM NUMBER D2-114 |
|---|---|---|---|

A. Describe Problem: I was forced into taking a Incompatible Celly by threats from C.O. Perez D8, that if I didnt take in inmate Clugston (J-24969) as a Celly I will get a 115 and have transfer automatically delayed by months. Inmate Clugston is Level 4 with 150 plus points and nothing but fights on his record, and is still General Population. As I am in Ad-Seg for Safety Concerns (Sexual offense on record) I am was Level 3 at the time with no fights on record, Me being placed and furthermore forced into taking Clugston as a

If you need more space, attach one additional sheet.

B. Action Requested: 1) Discipline action for C.O.'s Perez (D8) C.O. Rodriquez Jr. J.J, C.O. Ornelas, C.O. Rvera, C.O. Wilson (D2, C.O. Singh, C.O. Campos, and C.O. Tschechtlld.

Inmate/Parolee Signature: _Robert Bustillos_                    REC'D MAR 03 2005    Date Submitted: 2-05

C. INFORMAL LEVEL (Date Received: _____ )              DELIVERED

Staff Response: _____                                   MAR 2 2 2005

Staff Signature: _____                                  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____                                        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed            CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

On 9/25/04 I was severely attacked by cellmate suffering severe injuries warranting Emergency Room Admission. I f suffer left medial orbit and orbital floor fractures. Extensive left periorbit swelling. Left forhead laceration 3-cm, requiring suturing. Multiple facial abrasions and contusions. Midline cervical fenterness in mandible. The reason for the attack was my "paper work" issues with my sexual offense. My attacker did not have a single. Scratch, because I was attacked! Despite all of this obvious evidence, C.O. J.J. Rodriguez Jr. disgracefully lies and gives a false report that he saw Mutual Combat, When I confronted Rodriguez about his false 115 report he said "fuck you" flippe me off and walked away. By his diceitfullness I receive a 115 and lose 90 days credit, a much needed transfer closer to home an denied to go to A-yard, because my Attacker, inmate Clugston is rewarded and allowed to go the yard, where it clearly states that extraordinary discipline is given in cases of injurys req. Suturing plus broken bones. At this point I've suffered severe physical trauma and great pain and suffering by being forced to wait in Ad-Seg for 7½ months and to this date. I still havn't transfered and my grandparents in their mid 70's travel 2½ hours each way to see me. behind a glass window I havn't been able to call them in 7½ months or telephone my Appellate Attorney in my Appeal in which time my inassistance has caused my case to disintegrate, and my life hanging in the balance totally dis-regarded. To add to my extended pain and suffering I've been the target of Callous remarks by C.O. Ornelas, C.O. Rodgriguez J.J, C.O. Wilson, C.O. Singh, C.O. Campos, and C.O. Tschechilld, rideculing me for my injuries. I have 25 E.R. and Medical Records showing the obviousness of me being attacked. Despite all of this my 602 to reverse my guilty findings of 115 have been rejected, due largely because. I can't get copies of 115, which I should have automatically received. I tried at least 5 times to get 115 copies — and I get no response. I plan on filing all Law Suit actions which I feel as someone with dignity and respect should do. I am just going through the motions of CAC/858

CDC to Records: _____ Date: _____

STATE OF CALIFORNIA

## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| V-23234 | BUSTILLOS | | | SVSP | D2-210 | FD-04-09-013 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | Mutual Combat | D2-210 | 9/25/04 | 1345 hours |

CIRCUMSTANCES

On 9/25/04, at approximately 1345 hours while performing my duties as D2 S&E #1, I walked into "A" Pod to conduct the daily shower program. I heard a pounding sound come from the 2nd tier. As I walked up the tier I saw Inmates CLUGSTON, J-24969 (D2-210) and Inmate BUSTILLOS, V-23234 (D2-210), striking each other in the facial area with closed fist. I instructed both inmates to prone out with positive results. I instructed CLUGSTON to come to the door to be placed in handcuffs and he complied. BUSTILLOS was placed in the medical holding cell #2 and a CDC-7219 was completed by RN. Remy T. Grueneswald. BUSTILLOS was taken to CTC for further evaluation. Upon his release from CTC, he was re-housed in D2-217L. BUSTILLOS is aware of this report. Inmate BUSTILLOS is a participant in the Mental Health Services Delivery System at the CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J.J. Rodriguez Jr., Correctional Officer | 9/28/04 | D2 S&E #2 | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| | 9/28/04 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |
| ☒ SERIOUS | | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

Plea: NOT GUILTY.

Findings: Inmate BUSTILLOS was found guilty of CCR 3005(c), specifically "Mutual Combat", a Division "F" offense. This finding is based on the preponderance of evidence presented at the hearing which was substantiated the charge. The evidence consisted of the specific facts as "Mutual C."

[faded text] Inmate BUSTILLOS was assessed a loss of privileges ... Inmate BUSTILLOS was counseled, warned, and reprimanded.

Additional Disposition: None.

Classification Referral: Refer to Institutional Classification Committee for program review.

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| | | | |
| | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | |

CDC 115 (7/88)

15  53

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-23234 | BUSTILLOS | FD-04-09-0138 | SVSP | 10/24/04 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

Hearing: 10/24/04. TIME: 1040 hours. ALL POSTPONEMENT EXPLAINED: None.

Inmate's Health: Inmate BUSTILLOS stated his health was good.    Mental Health Services Delivery System (MHSDS): Inmate BUSTILLOS is a participant in the MHSDS at the Correctional Clinical Case Management System level of care. The circumstances of the RVR do not indicate that Inmate BUSTILLOS exhibited any bizarre behavior that would raise concerns about his mental health.    At the hearing, Inmate BUSTILLOS did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court on (DATE), a mental health assessment was not initiated. Consequently, a staff assistant was not deemed necessary.

Date of Discovery: 09/25/04.    Initial RVR copy issued on: 09/30/04.
Hearing started on: 10/24/04.    Last document issued to inmate on: 09/30/04.
D.A. postponed date: None.    D.A. results issued date: None. Time Constraints: Met.

Staff Assistant (SA): A Staff Assistant was not assigned per CCR §3315(d)(2).

Investigative Employee (IE): An Investigative Employee was not assigned per CCR §3315(d)(1).

D.A. Referral: None.    Evidence Requested or Used: None. External/Outside Evidence: None. Video Tape Evidence: N/A.

Inmate Plea and Statement: Inmate BUSTILLOS entered a plea of not guilty and stated, "I was attacked."

Witnesses Requested or Provided: Yes.    Witness Testimony at Hearing: Yes (telephonic).    Confidential Information: None.    Inmate BUSTILLOS requested the reporting employee (Officer J.J. Rodriguez) as a staff witness.    SHO grants Officer Rodriguez.

Senior Hearing Officer contacted Officer Rodriguez (via telephone).    Officer Rodriguez made the following statement: "I observed Inmates BUSTILLOS and CLOSTON engaged in an act of mutual combat, striking each other in the head and upper torso areas."

T. Billings, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| V-25234 | BUSTILLOS | CCR §3005(c) | 9/25/04 | CVSP | FC-04-09-0133 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▷ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▷ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▷ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▷ | DATE |
|---|---|---|

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

| ☐ NOT ASSIGNED | REASON    ... CCR 33... |
|---|---|

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▷ | DATE |
|---|---|---|

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

| ☒ NOT ASSIGNED | REASON    CCR 33... |
|---|---|

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▷ | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▷ | TIME | DATE |
|---|---|---|---|

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Atth- Warden
(OR)
Superintendent

Location: Institution/Parole Region    Log No.    Category
1. SUSP    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME BUSTILLOS    NUMBER V-23234    ASSIGNMENT    UNIT/ROOM NUMBER D2-124

A. Discuss Problem: I get viciously assaulted w/permanent injuries, with the obvious there was no Mutual Combat, Lose my transfer to (PVSP) and told to remain in Ad-Seg, when I was placed initially for Safety Concerns. I'm being treated like pure Hell!

REC'D NC: 2 3 2004

If you need more space, attach on additional sheet.

A. Action requested: I c.c. Nov 24th and for this nightmare Hell to end and be placed to A-yard @ SUSP or transferred ASAP to another Prison. I've been in the Hole 5 months for no disciplinary reason. Also I should be placed in A-yard and he should be in Ad-Seg. I'm the victim he's the aggressor, its only fair

Inmate/Parolee Signature: _____    Date Submitted: _____

B. INFORMAL LEVEL (Date Received _____)    DELIVERED DEC 2 3 2004
Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono. CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for procession within 15 days of receipt of response.
I should have the Basic Right to sign a "Marriage Contract

I am not seeking to restart any conflict I have this right to sign one.

Signature: _____    Date Submitted: 12-30-0?

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim

RECEIVED DEC 3 1 2004    CDC Appeal Number: _____

APR 2 5 2005
JL
INMATE APPEALS BRANCH

# IN FURTHER SUMMARY

① SVSP Knowingly and forceably celled me up with a dangerous cellmate. Displays Gross Negligence

② I gnored my warnings that he threatend to "take care" of me." Displays Gross Negligence.

③ A false report was written of "mutual" combat.

④ A lie proven by my very serious injuries where the obvious I was attacked! (32 E.R Records) unpunished!

⑤ My attacker is let to yard where I cannot go. Displays major due process errors.

⑥ I'm deprived, and unlawfully held in SVSP Ad-Seg for 29⊕ months. Displays indifference to Mental Health.

⑦ Due to constant asking of me to Double Cell → Refusing Celly 115s, (citations).

⑧ Where it is said by multiple physicians orders "Make sure he is single celled."

⑨ During these 29⊕ Hellish Ad-Seg (Administrative Segregation) months I am brutality, sadistically, and maliciously beaten by SVSP C.O.s at least twice and sexually assualted.

⑩ All of these proven by medical records, Inmate Appeals, my own testimony, witness testimony, Court decisions, and the callousness record of SVSP Ad-Seg that again show I am the victim of pure cruel and Unusual punishment and Unnecessary Pain and Suffering!!!

# IN FURTHER SUMMARY

① SVSP Knowingly and forceably celled me up with a dangerous cellmate. Displays Gross Negligence

② Ignored my warnings that he threatened to "take care of me." Displays Gross Negligence.

③ A false report was written of "mutual" combat.

④ A lie proven by my very serious injuries where the obvious I was attacked! (32 E.R. Records) unpunished!

⑤ My attacker is let to yard where I cannot go. Displays major due process errors.

⑥ I'm deprived, and unlawfully held in SVSP Ad-Seg for 29⊕ months. Displays indifference to Mental Health.

⑦ Due to constant asking of me to Double Cell → Refusing Celly 115s, (citations).

⑧ Where it is said by multiple physicians orders "make sure he is single celled."

⑨ During these 29⊕ Hellish Ad-Seg (Administrative Segragation) months I am brutality, Sadistically, and maliciously beaten by SVSP C.Os at least twice and Sexually assualted.

⑩ All of these proven by medical records, Inmate Appeals, my own testimony, witness testimony, Court decisions, and the callousness record of SVSP Ad-Seg that again show I am the victim of pure Cruel and Unusual punishment and Unnecessary Pain and Suffering!!!...

87  58

CDC NO: _____  HOUSING: ☐ ✗ - 4 2 5

PELICAN BAY STATE PRISON
P.O. BOX
CRESCENT CITY, CA 95532

LEGAL MAIL

RECEIVED

MAR - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the U.S. District Court for the North
District of California
450 Golden Gate Avenue
Box 36060
San Francisco, CA 94102