UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT J. BUSTILLOS,

    Petitioner,

  vs.

PELICAN BAY STATE PRISON,

    Respondent.
                                        /

No. C 08-1262 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

    Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

    Venue is proper because the petitioner is directed to the execution of petitioner's sentence and he is confined in this district. *See* 28 U.S.C. § 2241(d).

## DISCUSSION

**A. Standard of Review**

    This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

    Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify

all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

Petitioner contends that despite numerous medical orders that he be single-celled, he was put in a two-person cell and prison authorities refused to change the assignment. He was attacked by his cellmate and suffered serious injuries. He claims that he lost over three years of good time credits, apparently as a result of being convicted of violating a rule against "mutual combat."

Petitioner's claims in the petition are phrased as if this were a civil rights case for damages – that is, he just alleges that he was wrongly double-celled and as a result was severely injured. It may be that such conditions of confinement claims can be brought in habeas in state court, but that is not true in federal court. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Federal habeas is only proper if the petitioner is challenging the fact of his or her confinement or the length of that confinement.

Because petitioner has pleaded that he lost good-time credits, which would affect the length of his confinement, it may be that he can recast his claims into proper grounds for habeas relief. He therefore will be allowed to file an amended petition. He should note that the only proper federal habeas grounds are those which allege that an unconstitutional

act, or one illegal under federal law, affected the fact of his confinement or the length of it. That is, the loss of good time credits affected the length of his confinement, but to allege a proper ground for relief petitioner would have to allege that the loss of credits was unconstitutional or otherwise illegal under federal law.

### C.     Proper Respondent

Petitioner has named "Pelican Bay State Prison" as the respondent. The proper respondent is the "'state officer having custody'" of the petitioner, *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254), usually the warden of the prison, *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). If petitioner chooses to amend he shall name the proper respondent.

### CONCLUSION

For the foregoing reasons,

1. The petition is **DISMISSED** with leave to amend within thirty days of the date this order is entered (the date the clerk has stamped on the first page). The amendment must be on the court's form for prisoner section 2254 petitioners (the same form petitioner used to file the present petition) and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

2. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  October 23, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\BUSTILLOS1262.DWLTA.wpd

3