UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT J. BUSTILLOS,

        Petitioner,

  vs.

PELICAN BAY STATE PRISON,

        Respondent.

No. C 08-1262 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE**

      This is a habeas case brought pro se by a state prisoner.  In the original petition, petitioner contended that despite numerous medical orders that he be single-celled, he was put in a two-person cell and prison authorities refused to change the assignment.  He was attacked by his cellmate and suffered serious injuries.  He claimed that he lost over three years of good time credits, which suggested the possibility that, despite appearances, petitioner's claim might properly be brought in habeas.  Petitioner did not, however, allege the violation of a constitutional right, something which also is essential to a habeas claim.  The petition was dismissed with leave to amend.  Petitioner has amended.

      In the amendment he clarifies that the loss of good-time credits was because he refused to accept cellmates after having been repeatedly attacked by those he accepted.  He claims that his problems getting along with cellmates are caused by his mental illness, about which prison authorities know.

      Because this is a habeas case, the only sort of claim that can be considered is one that affects the length of petitioner's sentence – here, whether his constitutional rights were violated in the course of finding him guilty of a rule violation for not accepting cellmates.  To present a habeas claim that can be allowed to proceed, the facts petitioner alleges

regarding the rules violation hearing must "point to a 'real possibility of constitutional error.'" *See* Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

Petitioner alleges that he attempted to get along with cellmates "13 times," and that he was "<u>severely</u> attacked or sexually assaulted most of these times . . . ." It is because of this record that he contends he should not have been found guilty of violating the rule against refusing to accept a new cellmate. It does appear possible that, if petitioner's factual contentions are correct, forcing him to accept yet another cellmate would have been an Eighth Amendment violation of his right to safety. It is less clear whether what actually did happen here is a habeas claim, rather than one that can only be brought in a civil rights case, but the allegations are sufficient to require a response.

There is another problem, however. Petitoiner has pleaded facts regarding his other court actions that suggest he may not have exhausted state judicial remedies as to his claim. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner says he filed a direct appeal of his conviction, which of course is not relevant to the disciplinary proceeding at issue here, and that he also filed a number of state habeas proceedings. He lists the claims raised in the state habeas proceedings, and none are the claim he presents here. It appears that the state proceedings were directed to petitioner's conviction, not the rules violation proceeding at issue here. Petitioner therefore will be ordered to show cause why the petition should not be dismissed for failure

///

to exhaust judicial remedies.[1]

## CONCLUSION

Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be dismissed for failure to exhaust. If he does not, the case will be dismissed.

**IT IS SO ORDERED.**

Dated: January 27, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\BUSTILLOS1262.osc-p.wpd

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.